JOSIAH TILTON *versus* LEVI KIMBALL.

By R. S., c. 82, § 73, if a party knows any objection to a juror in season to propose it before trial, and omits so to do, he shall not afterwards be allowed to make it, unless by leave of Court for special reasons.

If a party would set aside a verdict because of the relationship between one of the jurors and one of the parties, he must negative the fact of knowledge of such relationship on his part.

ON MOTION.

This case came up on motion by the plaintiff to set aside the verdict, which was in favor of the *defendant*, on the ground that one of the jurors was related within the sixth degree to himself.

The facts sufficiently appear in the opinion of the Court.

*Coburn & Wyman*, for the plaintiff.

Tilton *v.* Kimball.

*J. H. Webster*, for the defendant.

The opinion of the Court was drawn by

APPLETON, C. J. — This case comes before us on a report of the evidence on a motion for a new trial.

The verdict was rendered on the fourth day of the term, and, on the *same* day, the plaintiff filed a motion (without special leave first had and obtained) to set it aside, because "one of the jurors who tried the cause and rendered the verdict therein, was related to one of the parties within named, within the sixth degree, according to the rules of the civil law, and there was no consent, either verbal or in writing, by either party, as to said juror's trying said cause and rendering a verdict therein."

The juror in question was not disinterested or indifferent within R. S., 1857, c. 1, § 4, rule 22. Nor was the objection on that account waived in writing, signed by the parties.

But the right to object, so far as relates to jurors, may be lost by the neglect or omission of the parties. By R. S., 1857, c. 82, § 73, "if a party knows any objection to a juror in season to propose it before trial and omits so to do, he shall not afterwards be allowed to make it, unless by leave of Court and for special reasons." By this section a waiver in writing is not required; thus, to that extent, modifying the provisions of c. 1, § 4, rule 22.

All reasonable presumptions are to be made in favor of sustaining a verdict. Whether a party knows a particular exception to a juror or not may be a fact within his exclusive knowledge. "A party litigant," remarks SHAW, C. J., in *Hallock* v. *Franklin*, 2 Met., 558, "knowing of matter of personal exception to a juror, lies by, taking his chance for a favorable verdict. If, when the verdict is against him, he could go back and take the exception, it would work great injustice. By consenting to go on, with a knowledge of the exception, he consents to abide the result, whether favorable or unfavorable." Hence, a party, seeking to set

aside a verdict, has been required, and rightfully, to nega-
tive the fact of such knowledge on his part. *Hardy* v.
*Sprowle,* 32 Maine, 310 ; *Lane* v. *Goodwin,* 47 Maine, 594 ;
*Davis* v. *Allen,* 11 Pick., 466 ; *Woodruff* v. *Richardson,*
20 Conn., 237. Such a requirement is necessary for the
protection of the public. ·In this case, neither the motion
alleges nor does the proof show ignorance of the relation-
ship existing on the part of the party seeking to avail him-
self thereof.

The relationship, as shown, was to the party by whom
the motion is made. The relationship, in its tendency, was
favorable to the party now taking exceptions to the juror
therefor and adverse to his antagonist. It is not unreasona-
ble to presume that one knows his own relations, — those, at
any rate, whose relationship is so near as to afford a reason-
able ground of partiality on that account. It seems that the
plaintiff knew of this relationship immediately upon the
rendition of the verdict against him. It is difficult to be-
lieve that he did not know it before. Neither the party nor
his counsel negative such knowledge, by any evidence be-
fore us. Indeed, it is not even urged in the motion. The
motion may be true, and yet no reason whatever may exist
for disturbing the verdict. *Motion overruled.*

CUTTING, DAVIS, KENT, WALTON and DANFORTH, JJ.,
concurred.