# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## SPROUSE v. THE COMMONWEALTH.

### JANUARY 21st, 1886.

1. CRIMINAL PROCEEDINGS—*Indictment—Misjoinder.*—The joinder of two or more offences in one count is not permitted. But if the whole transaction be only *parts of one fact of endeavor*, all the parts may·be stated together as one offence—*e. g.*, a man may be indicted for the battery of two or more persons in the same count, etc. And so, an indictment charging in one count the forgery of a check and of the endorsement thereon, is not liable to the objection of duplicity or misjoinder.

2. IDEM—*Evidence—Declarations.*—Accused will not be permitted to make evidence in his own favor by proving his self-servient declarations.

3. IDEM—*Admissions—Compulsory.*—Where prisoner was charged with forging a check payable to Gibson, and forging Gibson's name on it, the mayor asked him to write the name "Gibson." Prisoner reluctantly, but without threat or promise, wrote and mis-spelt it with a *p* instead of a *b*, just as it was mis-spelt in the forged writing. This was not compelling him to furnish evidence against himself.

4. IDEM—*Appellate court.*—Exception to ruling permitting Commonwealth, after the argument commenced, to introduce a witness, will not avail in appellate court unless the exception shows how prisoner was harmed thereby.

Error to judgment of the judge of the circuit court of Albemarle county refusing to award a writ of error and *supersedeas* to judgment of county court of said county, rendered August 8, 1885, on a verdict of a jury on an indictment against John W. Sprouse (plaintiff in error) for forgery, finding him guilty thereof, and fixing the period of his imprisonment in the penitentiary at two years.

Opinion states the facts.

*Davis & Harman,* for plaintiff in error.

*Attorney-General R. A. Ayers,* for the Commonwealth.

LACY, J., delivered the opinion of the court.

The plaintiff in error was indicted in the county court of Albemarle county for the forgery of a check and the endorsement thereon, and the altering the said check and the endorsement thereon.

The indictment contained two counts. The first count charged the forgery of the check and the endorsement, and the second charged the altering of both. Upon the trial the accused moved the court to quash the indictment; which motion the court overruled, and the accused pleaded not guilty, was convicted, and sentenced to be confined in the penitentiary two years. Upon application to the circuit court of said county a writ of error was refused by said court; whereupon, on the petition of the plaintiff in error, a writ of error was granted to this court by one of the judges.

The first assignment of error here is to the ruling of the county court in refusing to quash the indictment. That the said indictment is double and presents a case of duplicity in pleading; that the forgery of the check was one offence, and the forgery of the endorsement was another offence, and that two distinct offences were contained in the same count; that the forgery of the check alone was an indictable offence. Citing *Perkins' Case,* 7 Gratt. 651. The forgery of the endorsement was an indictable offence. Citing *Powell's Case,* 11 Gratt. 822. And that the said second count is liable to the same objection, and is equally defective.

Duplicity, or double pleading, consists in alleging for one single purpose or object, two or more distinct grounds of complaint, when one of them would be as effectual in law as both, or all. This is a fault in all pleading, because it produces useless prolixity, and tends to confusion, and to the multiplication of issues. This, however, is only a fault in form. The criminal law does not permit the joinder of two or more offences in one count.

We must consider what are two or more distinct offences within the rule just stated. It is not an objection to an indictment that a part of the allegations might be lopped off and the indictment remain sufficient; and, although the charge might be branched out into two offences, if the whole be *but parts of one fact of endeavor*, all the parts may be stated together. Of this, there are familiar illustrations. An accused might be charged with selling the different kinds of liquor contrary to law; the sale of each kind would be an indictable offence, yet an indictment setting forth a violation of the law in selling all could not be said to charge several distinct offences. A man may be indicted for the battery of two or more persons in the same count, yet the battery of each was an offence; yet they may be charged together, because they are but parts of one endeavor—the offence against the Commonwealth being the breach of the peace. Or a libel upon two or more persons, when the publication is one single act, may be charged in one count without rendering it bad for duplicity under the rule stated above. Or in robbery, with having assaulted two persons, and stolen from one one sum of money, and from the other a different sum, if it was all one transaction. Or where two make an assault, with an intent to ·kill, with different weapons, they may be charged jointly in one count. And if a man shoots at two persons to kill either, regardless of which,

he may be convicted on a charge of a joint assault, yet either assault was an offence.

And, as was asked by an English judge: "Cannot the king call a man to account for a breach of the peace because he broke two heads instead of one? How many informations have been for libels upon the king and his ministers?" *Rex* v. *Benfield*, 2 Burrows, 980.

In *Barnes* v. *The State*, 20 Conn. 232, Waite, J., said upon this question: "No matters, however multifarious, will operate to make a declaration or information double, provided that all taken together constitute but one connected charge or one transaction." And Mr. Bishop says this observation may be accepted as expressing the common doctrine, when we add to it the words, "provided, also, that in any view which the law could take of the one transaction, it may be regarded as constituting but one offence." Citing the case of *Francisco* v. *The State*, 4 Zabriskie, 30–32, where it was held that a conviction or an indictment charging assault, battery and false imprisonment, was not bad for duplicity, because, as was said by Potts, Judge, "The assault, the battery, the false imprisonment though, in themselves, *separately* considered, they are distinct offences, *yet, collectively, they constitute but one offence.*" Multiplication of authority, or of argument, cannot be necessary on this point, and we will conclude this question with a remark of Baron Parke, who said to counsel: "Your objection would apply to every case of a burglary and a larceny. There would be first, the burglary; secondly, the larceny; thirdly, the compound or simple larceny; fourthly, the stealing in a dwelling-house." When Tindal, Chief-Justice, added: "This is one set of faults—it is all one transaction—the prisoner could not have been embarrassed." *Rex* v. *Bowen*, 1 Denison's Crown Cases, 22; Archbold Crim. Pl., 13 London Ed., p. 54. In this case the prisoner was charged with forging a check payable to Gib-

son, and then forging Gibson's name on the back. This appears to be one transaction—a forgery—looking to the prejudice of another's right—a single fact of one endeavor—and, as was said by Tindal, C. J., *supra*, "This is one set of facts—it is all one transaction—the prisoner could not have been embarrassed." We think there was no defect in the indictment, and the motion to quash was properly overruled.

The second assignment is as to exception, No. 1. This motion was properly overruled.

The offer to introduce Nannie J. Sprouse to prove what the prisoner said about the check on the morning of the alleged forgery, was nothing more nor less than an unwarrantable attempt on the part of the prisoner to prove his own declarations, in his own favor. He was properly refused this opportunity to prove his own declarations to the end of his own exculpation.

The third assignment is as to the proof offered on the trial by the Commonwealth, that the prisoner, being requested to write "Gibson" by the mayor, wrote it "Gipson," substituting the letter b with the letter p; and that this was the way the word was spelt in the alleged forged paper. It was proved that after the prisoner was brought before the mayor, but before his arrest, the mayor, without showing him the paper, asked him to write this name; that—first saying he could not write, or that he wrote so badly that no one could read it—after showing some reluctance, but without threat or promise to induce him to write, and without compulsion, he wrote the word.

It cannot be said that he was compelled to furnish evidence against himself, or that he made an undue confession; and there was no error in receiving the evidence on this subject.

The last assignment of error is that the Commonwealth was allowed to introduce a witness in rebuttal upon the statement of the Commonwealth's attorney, after he had commenced his

argument, that he had forgotten to examine this witness. The exception not setting forth what this witness proved, nor showing how, if in any way, the prisoner was injured by this action of the court, there is no ground for reversal in that assignment.

This disposes of all the assignments of error in this court; and we are of opinion that there is no error in the judgment of the county court of Albemarle, nor in the judgment of the circuit court of said county, refusing to grant a writ of error to the said judgment of the said county court.

JUDGMENT AFFIRMED.