State v. Kinkead.

------◄•••►------

THE STATE vs. THOMAS KINKEAD.

New London Co., Oct. T., 1888. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

The statute Gen. Statutes, (§ 3092,) forbids any person licensed to sell liquors, to "allow any minor to loiter on the premises where such liquors are kept for sale." Held to be no defense that the accused did not know that the person so allowed to loiter was a minor, but believed him to be of full age.

The accused was licensed to sell liquors at No. 11 Franklin St. in a certain city. The premises occupied by him under that number included only one room about twenty feet wide and thirty deep, into which a door opened from the street, that being the only entrance. The space was divided into a front and rear apartment by a board partition, the top of which was about eighteen inches below the ceiling, which ran from one side to a small enclosure partitioned off for an office on the other, which opened into both parts of the room. In the middle of the partition there was a swinging door, not so high as the partition and not extending to the floor. In the front apartment the accused sold groceries and in the rear one liquors. Two of the minors whom he was charged with allowing " to loiter on the premises where the liquors were kept for sale," were in the front apartment. Held that the court below properly left it to the jury, as a question of fact, whether the front apartment was a part of the premises where liquors were kept for sale.

If a judge refers incorrectly to a statute or decisions of another state, it is of no consequence if he gives the law to the jury correctly.

The judge below said in his charge—"It is put into the license as a condition upon which a man may sell liquor, that he shall not permit minors to loiter on the premises where it is sold." Held not open to objection as causing the jury to regard the license as a contract, and not to harm the accused if they did so regard it, it being clearly understood by them that the accused was tried solely for a violation of the statute.

[Argued October 17th, 1888—decided January 4th, 1889.]

COMPLAINT, by a prosecuting agent, for allowing minors to loiter about premises where liquor was kept for sale, the accused being a licensed vender of liquors; brought to the City Court of the city of Norwich and, by appeal of the accused, to the Superior Court of New London County, and in that court tried to jury on the plea of not guilty, before *Andrews, J.* Verdict guilty and appeal by the accused for errors in the charge of the court. A finding of facts was made on the appeal, which is sufficiently stated in the opinion.

*W. H. Shields* and *R. M. Douglass*, for the appellant.

1. It appearing that the minors Hall and Lacey were only in the grocery store, the accused claimed that he had not violated the law, as he had not allowed them to loiter on the premises where the liquors were kept for sale. This raised a question as to the meaning of the statute, and this was a

question for the court alone, and it erred in not so treating it. Gen. Statutes, § 1630; 2 Swift Dig., 438. Instead of doing this the judge submitted the question to the jury. He should have instructed them that under a fair construction of the statute the front room could not be regarded as a place where liquors were sold. As the statute creates the offense it is to receive a strict construction in favor of the accused. *Myers* v. *The State,* 1 Conn., 502, 505; *State* v. *Gregory,* 47 id., 277; *State* v. *McMahon,* 53 id., 407, 413. The statute is directed at the place "where such liquors are kept for sale," not at the place which the license may designate as that where the licensee may sell. The law itself contemplates that traffic will be carried on in one room, for it provides (§ 3072) that the license shall be hung up "in the room where the sale so licensed is to be carried on." Licenses are often made out to a hotel by its number on the street, and that entrance leads to many rooms. The proprietor sets apart, as the accused did, a place for a bar-room. In such cases it has never been claimed, nor would it be contended, that it was unlawful for a minor to stay in the room next to the bar-room, or in the corridor opposite the bar-room door, or in the chambers of the hotel. Nor would it be unlawful for a minor to loiter on the side-walk in front of the door of a saloon. And the plain reason is that the minor is not on the premises "where such liquors are kept for sale." The spirit and purpose of the law is to keep minors out of the place where the liquor is sold and drunk. Its purpose is not to keep minors out of a grocery store, cigar store, or hotel apartments, that so frequently are adjacent to bar-rooms.

2. The judge made it appear to the jury that the prisoner had contracted with the state in his license not to allow a minor to loiter in his saloon. He said: "So I say that it is put into the license as a condition upon which a man may sell liquor, that he shall not sell it to a minor, nor permit minors to loiter on the premises where it is sold." That is not the fact. Certain laws were printed on the license as required by section 3070 of the statutes. It was simply mak-

ing known the law to the licensee; a very different thing
from a contract or condition "put into the license." More-
over our court has decided that a liquor license has no ele-
ment of contract about it. *La Croix* v. *County Commissioners,*
49 Conn., 591. The jury must have got the notion that
they were trying the question whether the defendant had
fulfilled a contract with the state, and not the question
whether or not he had committed a crime.

3. There is no statute, and never has been in Massachu-
setts, making it a crime to allow a minor to loiter in a
liquor saloon. The only statute on that subject is one creat-
ing a forfeiture in such case of $100 to the parent or guar-
dian, " to be recovered in an action of tort." Nor was there
a decision of Massachusetts courts therefor, such as the
judge stated to the jury. The court therefore misstated the
law and the fact when he said to the jury that Massachusetts
first had the law, and that the Connecticut legislature
adopted it, and its construction as given by the Massachu-
setts court.

4. The case shows that the minor Murphy was very large and
six feet tall, and that he had considerable beard. The prisoner
" claimed that he honestly believed, and was justified in
believing, that Murphy was more than twenty-one years
old." That mistake of fact, with due care on the prisoner's
part to keep within the law, was a legal defense. " A man's
act does not make him guilty unless his intention be also
guilty," is a fundamental and immutable principle of crimi-
nal jurisprudence. In *Myers* v. *The State,* before cited,
GOULD, J., says: "Hence, also, ignorance or mistake in
point of fact (for ignorance of law I admit cannot be averred)
is, in all cases of supposed offense, a sufficient excuse."
Bishop on Statutory Crimes, § 1021, says: "If, according
to just doctrines, as held by some courts, and as it would be
held by most on careful consideration of the question, a
statute forbids the sale to minors, and the seller, using due
care, is deceived and really believes that the person to whom
he sells is of age, while the fact is otherwise, he does not
commit the offense." And BUTLER, J., says, in giving the

State *v.* Kinkead.

opinion of the court in *Morris* v. *Platt*, 32 Conn., 83:—
" Doubtless the question whether the belief was reasonable
or not must in either proceeding be ultimately passed upon
by a jury ; and the assailed judges at the time upon the
force of the circumstances when he forms and acts upon his
belief, at the peril that a jury may think otherwise, and hold
him guilty. But in the language of Judge BRONSON, in the
thoroughly considered case of *Shorter* v. *The People*, (2
Comstock, 193), he will not act at the peril of making that
guilt, if appearances prove false, which would be innocence
if they proved true. And such is the law as cited by Judge
SWIFT (2 Swift Dig., 285) from *Selfridge's case*, and as held
on a careful review of all the cases in *Shorter* v. *The People*,
and in numerous other cases which may be found cited there,
and in Bishop on Criminal Law, Vol. 2d, page 561, and it is
the law of the land." And the same doctrine is again stated
by the same judge, then chief justice, in giving the opinion
of the court it *State* v. *Stanton*, 37 Conn., 424. See also
Bishop on Statutory Crimes, §§ 132, 355, 356, 357, 362,
1021 ; 1 Bishop Crim. Law, §§ 182, 368–372 ; *Raymond* v.
*Fish*, 51 Conn., 99 ; *State* v. *Goss*, 59 Verm., 266 ; *People* v.
*Stevens*, 109 N. York, 159.

*J. M. Thayer*, State's Attorney, and *D. G. Perkins*, for the
State.

CARPENTER, J. This is an information for allowing
minors to loiter on the premises where intoxicating liquors
were kept for sale under a license. There are three counts
in the information, but the state claimed only one conviction
and one penalty. The accused was convicted, and he
appealed to this court.

Two questions were raised on the trial, and are presented
here by the reasons of appeal: 1. Was the place where two
of the minors loitered a part of the premises where liquors
were kept for sale within the meaning of the statute ?
2. Can the accused be convicted of allowing the other minor
to loiter on his premises, he not knowing that he was a

minor, but supposing and believing that he was of age? These are the principal questions, and we will consider them in their order.

The first, second, third, sixth and seventh reasons of appeal relate to the first question.

The license was to sell liquor at No. 11, Franklin street. The door under that number opened into a room about thirty feet long by about twenty feet wide. The defendant carried on the ordinary grocery business in the front part of the room and the liquor business in the rear. The two parts were partially separated by a partition extending from the floor to within eighteen or twenty inches of the ceiling. On one side was an enclosure about five feet square, used for an office, with an opening into each part of the room. Through these openings there was a passage-way from the front to the rear room. Near the center of the partition there was a swinging door, held in place by a spring, which did not reach the floor nor the top of the partition. Two of the minors, Hall and Lacey, only loitered in the front part of the room where the grocery business was carried on.

The counsel for the accused requested the court to charge the jury as follows: "If the jury shall find that the minors, Lacey and Hall, were in that part of the premises set apart by Kinkead for a grocery store, and that Kinkead did not keep intoxicating liquors in the grocery store for sale, there can be no conviction of the prisoner of the crime charged as to Lacey and Hall loitering there." The court responded as follows: "I have explained that substantially, gentlemen. This request says, 'that part of his premises.' I shall not be able to limit it in that way, because the statute says 'premises,' and I certainly cannot say that one part of the premises is innocent and the other part not. You must pass upon the word 'premises.' If the premises upon which the liquor was kept for sale include only the inner room, then Lacey and Hall did not loiter there; but if they include both the grocery and the inner room, the term premises covers the whole. So I cannot give that, gentlemen, in that way." In another part of the charge the court, after

giving a definition of the word "premises," left it to the jury to determine as a question of fact whether the part of the room used for the grocery business was a part of the premises where liquors were kept for sale.

But it is claimed that it was the duty of the court to construe the statute and submit its construction to the jury. That might be so if the statute was ambiguous. But it is not; it is in plain language and free from uncertainty. Whatever doubt there is arises from the circumstances of the case. That being so it was for the jury to say whether the place in question was a part of the premises. The course taken with this question was the proper one. *State* v. *Williamson*, 42 Conn., 261.

The second question relates to the minor Murphy. He was confessedly in that part of the room where liquors were kept and sold. The accused asked the court to charge " that if the jury find that Kinkead honestly believed Dennis Murphy to be a person over the age of twenty-one years, and had reasonable ground for so believing, and acted on that belief in allowing him to be in his bar-room, he should not be convicted of the crime charged, though in fact Murphy was a minor." The court declined to give that instruction, but said to the jury that if Murphy was in fact under twenty-one years of age, whatever the belief of the accused was, he was still guilty.

Closely allied to this question, so much so as to be a part of it, is the claim of the accused made to the jury, " that the essence of all crime is an evil intent and purpose in the accused, and that a man's act does not make him guilty unless his intention is also guilty." The argument seems to be that if the accused did not know that Murphy was a minor he could not have intended a crime. This argument is specious but it is hardly sound. We have no occasion to impute to the legislature an intention to make an act a crime irrespective of the intent; for it is competent for the legislature to supply the intent by making circumstances equivalent thereto. It has virtually said that if a licensed person allows one who may or may not be a minor to loiter

on his premises, without using means to ascertain the fact, he shall be guilty of the offense if the person proves to be a minor. The statute is, in substance, that every licensed person who shall allow any minor to loiter on the premises where such liquors are kept for sale, shall be fined not more than fifty dollars, or be imprisoned not less than ten nor more than sixty days, or both. It makes a wide difference in the scope and effectiveness of the statute whether it is construed as requiring the accused at his peril to know whether persons who loiter there are minors, or whether we interpret it as meaning simply that he shall not permit one to loiter there whom he knows to be a minor. We think the former is the correct construction. The object of the statute cannot be misunderstood. It is to protect the young from the dangerous and contaminating influences which, to a greater or less extent, attend places where intoxicating liquors are sold.

The ages of persons who frequent such places may be easily ascertained. Inquiry properly directed can hardly fail to elicit the desired information. If a case of doubt should arise, he can, without harm or detriment to his business or himself, keep on the safe side. It is not unreasonable that the responsibility should be thrown on him. If he neglects to use the necessary means to ascertain the age, the legislature may well say that his want of knowledge shall not excuse him.

A preceding clause of the same section makes it an offense to sell to "any habitual drunkard, *knowing him to be such.*" If the intention had been to make knowledge essential in cases of minors, such intention would have been expressed. The absence of such a qualifying clause is significant.

There are some questions of minor importance, which the accused appears not to have made on the trial, but which he raises in his reasons of appeal by way of exceptions to the charge.

1. The court said to the jury:—" Were they allowed to loiter on the premises? * * * It would be 'allowing' if they

State v. Kinkead.

came there and stayed, and the accused did not request them to go away." The counsel for the accused criticise this by saying that the judge eliminated an essential element—the presence of the prisoner in the saloon, and the knowledge that the minors were there. They overlook the fact that the sentence quoted is immediately followed by this:—" In other words, if they were there *and the accused knew it*, and took no means to cause them to go away, that would be allowing."

2. The court said : " So I say that it is put right into the license as a condition upon which a man may sell liquor, that he shall not sell it to a minor, nor permit minors to loiter on the premises where it is sold." This is objected to as causing the jury to understand that the license was a contract. If that were true we do not see how it could harm the accused. But we do not so understand the charge. The attention of the jury was called to the fact that the license was subject to certain conditions or limitations expressed therein. That was unnecessary, perhaps, but it was not erroneous. The court made it entirely plain that the offence charged was under the statute. The accused could not be legally aggrieved thereby.

3. If it be conceded that the judge was mistaken in his reference to the Massachusetts statute and decisions, yet it is of no importance so long as he gave the law to the jury correctly.

4. The accused complains that the court omitted to charge concerning certain matters of a general nature, concerning which there was no dispute and no question made ; also detached sentences are selected from the charge and objected to or criticized. We will only say generally in respect to all such matters that we see nothing in any of them that is objectionable. The charge must be taken as a whole, and in interpreting it regard must be had to the questions in dispute.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.