## THE STATE *vs.* FRANK NUSSENHOLTZ.

Third Judicial District, New Haven, June Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Evidence that a witness has been arrested is not admissible for the purpose of attacking his character; especially if the witness is the accused, who has not put his character in issue by offering evidence in respect to it.

The accused, testifying in his own behalf, was asked if he had been arrested before; he answered, "I was arrested; I was not guilty." The court ordered the last four words to be stricken out. *Held* that the error in admitting the evidence, which was aggravated by striking out the claim of innocence, entitled the defendant to a new trial.

The word "wilfully," when used in the definition of a statutory crime, ordinarily implies knowledge that the act is forbidden, and therefore an evil intent to violate the law.

General Statutes, § 1346, makes it punishable to wilfully sell, or offer to sell, the flesh of any calf which is less than four weeks old when killed. *Held* that knowledge upon the part of the accused, that the flesh sold by him was of the forbidden kind, was an essential element of the offense; and that an instruction which authorized the jury to convict merely upon finding an actual sale of the forbidden flesh, regardless of the seller's knowledge or intent, was reversible error.

Argued June 5th—decided July 24th, 1903.

INFORMATION for wilfully selling veal less than four weeks old, brought by appeal of the accused to the Criminal Court of Common Pleas in New Haven County and tried to the jury before *Hubbard, J.;* verdict and judgment of guilty, and appeal by the accused for alleged error in the rulings and charge of the court. *Error and new trial granted.*

*Jacob B. Ullman,* for the appellant (the accused).

*Robert J. Woodruff,* Prosecuting Attorney, for the appellee (the State).

TORRANCE, C. J. In this case we think that two of the assignments of error are well taken, and entitle the defendant to a new trial. One relates to certain rulings upon evidence, and the other to a certain part of the charge to the jury. The assignment relating to the rulings upon evidence is based on these facts: The defendant became a witness in his own behalf, and upon his cross-examination was asked if he had ever before been arrested. To this question he objected, but the court ordered him to answer it, and thereupon he did so, saying, " I was arrested ; I was not guilty." The court, apparently of its own motion, then ordered the words " I was not guilty " to be stricken out, and the statement of arrest to stand.

We think the trial court erred in this, and that the error was harmful to the defendant. The question was apparently permitted on the supposition that, if answered in the affirmative, such answer would tend to prove such past misconduct on the part of the defendant as would injuriously affect his

character. On no other supposition was the question permissible. But clearly such answer had, legitimately, no such tendency. Arrests are frequently made upon groundless charges ; and a mere charge of misconduct, such as may be impliedly involved in the mere fact of arrest, ought not to be used as the basis of an inference that the charge is true. Both the question and any possible answer to it were, under the circumstances, clearly irrelevant, and should have been ruled out.

Moreover, the defendant was the accused as well as a witness, and although his character as witness was open to attack in this case, his character as accused was not, inasmuch as he had offered no evidence of good character; and yet, by the action of the trial court in this matter, the State was allowed to attack the defendant's character both as a witness and as a man ; for the fact of arrest was in no way limited to its effect upon his character as a witness, but was received as affecting his character generally, and the jury were nowhere told that it could not be used to affect his character as a man. Under these circumstances we think that the action of the court in admitting this evidence, coupled with its order striking out the claim of innocence, entitles the defendant to a new trial.

The other material error assigned relates to a certain part of the charge. The statute upon which this case was brought provides, among other things, that "every person who shall wilfully sell, or offer to sell, . . . the flesh of any calf which was less than four weeks old when killed," shall be punished by fine or imprisonment as therein provided. Public Acts of 1901, Chap. 154 (General Statutes, § 1346). The accused was charged with selling the flesh of a calf in violation of this statute. In construing the statute the court charged the jury as follows : " The accused is charged here with wilfully selling. The court would advise you that by wilfully selling is meant deliberately selling ; it is not a question of motive ; a man's motive does not enter into the account in an offense where it is simply necessary that the act of violation be wilful." The court here seems to construe the stat-

ute as if it did not contain the word "wilfully." The jury are, in effect, told that if the accused did in fact sell or offer to sell flesh of the forbidden kind he was guilty, even if he in good faith and on sufficient grounds believed it was not flesh of that kind; in other words, that his knowledge that the flesh was of the forbidden kind was not an element of the statutory crime. This would undoubtedly be the true construction if the word "wilfully" had been omitted, but we think it is not the true construction of the statute as it now reads. The case turns upon the question of intent. With what intent must a sale be made to make the seller guilty under the statute? Is a mere intent to make the sale sufficient, or must it be an intent to make the sale and also to violate the law? A, knowingly having in his possession flesh of the forbidden kind, sells it. Clearly his intent is two fold: (1) to sell the flesh, (2) to sell it in violation of law. B, having in his possession flesh of the forbidden kind, but blamelessly, without knowledge that it is so, sells it. Clearly his intent is simply to sell and nothing more. A may be said to have an evil intent, a guilty intent; B an innocent intent, or at least not an evil intent. Unquestionably A is guilty. Is B also guilty? That is the controlling question in this part of the case. It is quite true that guilty knowledge, or evil or guilty intent, is, speaking generally, an essential element of crimes at common law; but it is also true that in very many statutory crimes guilty knowledge or intent is not an essential element. "Although *prima facie* and as a general rule there must be a mind at fault before there can be a crime, it is not an inflexible rule and a statute may relate to such a subject-matter and may be so framed as to make an act criminal, whether there has been any intention to break the law or otherwise to do wrong or not." *The Queen* v. *Tolson*, L. R. 23 Q. B. Div. 168, 172. The statutory crimes considered in the cases of *State* v. *Kinkead*, 57 Conn. 173, and *State* v. *Turner*, 60 id. 222, are crimes of this latter sort. In the former the defendant was prosecuted for allowing a minor to loiter on premises where the defendant kept intoxicating liquor for

sale, and in the latter the defendant was prosecuted for entering without permission, upon the enclosed land of another for the purpose of fishing; in both it was held that guilty knowledge or guilty intent was not an essential element of the crime; and there are very many cases of this kind in the books. It is also true, however, that in quite a number of statutory crimes guilty knowledge or guilty intent is either expressly or by implication made an element of the crime. An instance of this kind is found in the case of *Myers* v. *State*, 1 Conn. 502, where the letting of a carriage for hire on Sunday, from a belief that it was to be used in a case of necessity or charity, when no such case existed, was held to be no offense within the statute. It is for the legislature to determine whether the legality or illegality of a given act shall depend upon the knowledge or the ignorance of the doer; and it thus becomes a question of construction in such cases whether guilty knowledge or guilty intent constitutes an element of the statutory crime.

In the statutory crimes considered in the *Kinkead* and *Turner* cases, *supra*, neither the word " wilfully," nor any word of like import was used; certain acts were forbidden, and doing them was made punishable, whether the doer had or had not knowledge of the facts that made his act a violation of law; but the statute here in question contains the word " wilfully," and its presence there means something and cannot fairly be regarded as surplusage; but if it means " voluntarily," only, it is mere surplusage, for that is already implied in the words "shall sell." The statute does not merely say if any one " shall sell " flesh of the forbidden kind, he shall be punished; it says if any one "shall wilfully sell " such flesh, he shall be punished. To " wilfully" sell diseased meat ordinarily means to sell it with knowledge of its condition; and so, in the statute here in question, we think the expression " shall wilfully sell" means to sell with knowledge that the flesh is of the forbidden kind: a sale made with guilty knowledge and therefore with an evil intent to violate the law.

This is the sense ordinarily given to the words " wilful "

or "wilfully," in statutes creating a criminal offense, unless it clearly appears that they were used in a different sense. They are held to imply the doing of the forbidden act purposely in violation of law. *State* v. *Whitener*, 93 N. Car. 590; *State* v. *Smith*, 52 Wis. 134; *Commonwealth* v. *Kneeland*, 20 Pick. 206, 220; *State* v. *Clark*, 29 N. J. L. 96; *Folwell* v. *State*, 49 id. 31; *Evans* v. *United States*, 153 U. S. 584; *Felton* v. *United States*, 96 id. 699, 702; *Potter* v. *United States*, 155 id. 438. In this view of the law we think the court below erred in its charge. The jury were told, in effect, that guilty knowledge on the part of the defendant was not an essential element of the statutory crime.

As the other questions raised on the appeal are not likely to arise again upon a retrial, it is unnecessary to consider them.

There is error and a new trial is granted.

In this opinion the other judges concurred.