STATE OF MISSISSIPPI *v.* JOSIAH S. WALKER.

[41 South. Rep., 8.]

1. CRIMINAL LAW. *Indictment. Joinder. Several felonies. Same count.*
   An indictment is demurrable if it join separate and distinct felonies in the same count.

2. SAME. *Insolvent bank. Receipt of deposit. Code* 1892, § 1089.
   Under code 1892, § 1089, forbidding an officer of a bank conducting the business of receiving money on deposit from receiving any deposit, knowing or having good reason to believe the bank insolvent, without informing the depositor of such condition, a count of an indictment charging a violation of the statute by receiving deposits from divers persons without informing such persons and depositors of the insolvent condition of the bank and a count charging that separate deposits were received from several persons named, were demurrable for joinder of separate offenses in a single count.

FROM the circuit court of Washington county.

HON. A. McC. KIMBROUGH, Judge.

Walker, the appellee, was indicted for receiving money on deposit in his bank, the Merchants & Planters Bank of Green-

ville, he being the president thereof, knowing the bank to be insolvent, without disclosing its financial condition to the depositor, in violation of Code 1892, § 1089. Appellant's demurrer to the indictment was sustained by the court below. From a judgment discharging the defendant, the indictment being held insufficient, the state appealed to the supreme court. The facts are stated in the opinion of the court.

*R. V. Fletcher,* assistant attorney-general, and *R. N. Miller,* for appellant.

The authorities cited by the defendant in reference to the practice condemned by this court, of joining separate and independent felonies in separate and distinct counts in the same indictment, have no sort of application here for the reason that each count charges the same identical single offense.

The only requisite of a good indictment for any offense is provided by sec. 26 of the constitution. This requires that it shall "inform the accused of the nature and the cause of the accusation against him." When the indictment complies with this requisite, so that it informs the accused of the nature and cause of the accusation against him, it is sufficient so far as its structure is concerned.

The object of this constitutional requirement is that the defendant shall be informed of all the essential elements necessary to constitute the crime charged against him in order that he may prepare his defense, and in order that he may plead his acquittal or conviction to a second charge for the same offense.

Those are the reasons why he is required by the constitution to be informed of the nature and cause of the accusation against him. *Noonan* v. *State,* 1 Smed. & M., 562; *Murphy* v. *State,* 24 Miss., 590; *Gerrard* v. *State,* 25 Miss., 469; *Riggs* v. *State,* 26 Miss., 51; *Norris* v. *State,* 33 Miss., 373; *Newcomb* v. *State,* 77 Miss., 383; *Williams* v. *State,* 42 Miss., 328; *Riley* v. *State,* 43 Miss., 397; *Thompson* v. *State,* 51 Miss., 353.

To determine whether this indictment complies with the con-

stitutional requirements, let us analyze the statute defining the crime charged. The person charged must be an officer (of the character named) of the bank. The bank must have been engaged systematically in conducting a "business" of receiving money, etc., on deposit.

It must not be a single act of receiving one deposit, but the bank must be conducting a business of receiving deposits. It will be noted that this essential element required by the statute to be charged makes this a continuing or cumulative crime. Such officer must receive the deposits into a bank that is insolvent. The officer must know that it is insolvent or have good reason to believe it to be insolvent. The deposits must be received, without informing the depositor of the insolvent condition of the bank.

These are the five essential elements necessary to be charged in order that the accused may be informed of the nature and cause of the accusation against him.

*Percy & Campbell,* for appellee.

The statute imposes a penalty against receiving any deposit. The receiving of every deposit is a separate offense; the statute does not pronounce a penalty against keeping a bank open, or continuing to receive deposits, and does not provide for continuous offenses, but makes the receipt of every deposit an offense, and that the offense is not such as is chargeable with a *continuando* as is used in these counts. A *continuando* is used only where offenses are continuous, as in the case of a continuous bigamous marriage, a continuous nuisance, keeping a bawdy house, keeping a dramshop without license, doing a business without license, and many other cases of like character. These counts are drawn as if this offense was a continuous one, and counsel for the state so contend. In Wharton's Crom. Plead. & Prac., sec. 125, it is said:

"In cases which it is necessary that a *continuando* should be averred (that is, in cases of continuous bigamy or continuous

nuisance), the period between which the offense charged to continue should be specified. In such cases it is enough to say that the offense was committed on a day named and on certain other days between two days named, or when the statute requires that the offense continued between two named days. And it has been ruled that the offense must be proved to have been committed within the period specified. Nor is a *continuando* necessary unless for an essentially continuous offense."

Receiving deposits under this statute is not such offense as those described in Wharton, for each deposit is a distinct offense —that is, the receiving of each deposit—whereas a bigamous marriage, or a continuous nuisance, or keeping a dramshop without license, is a continuous offense, for there is never a cessation. The pleader in drawing this indictment seemed to proceed upon the theory that the offense contained in the statute was a continuous offense.

Argued orally by *R. N. Miller,* for appellant, and by *Leroy Percy,* for appellee.

MAYES, J., delivered the opinion of the court.

Walker was indicted under sec. 1089 of the code of 1892, which is as follows, viz.:

"If the president, manager, cashier, teller, assistant, clerk, or other employe or agent of any bank or broker's office or establishment, conducting the business of receiving on deposit the money or other valuable things of other persons, shall remove or secrete or conceal the assets or effects of such establishment for the purpose of defrauding any of the creditors of the establishment, or shall receive any deposit knowing, or having good reason to believe the establishment insolvent, without informing the depositor of such condition, on conviction, he shall be imprisoned in the penitentiary not longer than five years."

The first count of the indictment, after setting out the fact that Walker was the president of a bank, engaged in the business of

receiving money on deposit for other persons, proceeds to charge that the bank was insolvent, and that Walker well knew it was insolvent, and that he "did, on divers dates and times aforesaid, unlawfully, willfully and feloniously receive on deposit from divers persons, whose names are to the grand jurors unknown, without then and there informing such persons and depositors of the insolvent condition of the bank." The second count is a duplicate of the first, except that, instead of charging that Walker "well knew that the bank was insolvent," it charges "that he had good reason to believe" it was insolvent. The third count is identical with the first count, except that it names five persons from whom Walker received the deposits.

It is manifest from the statute that each and every time a deposit is made, when the condition exists which requires the president, manager, etc., to notify the depositor, and the notice is not given, an offense is committed under the statute, and each offense so committed is a separate and distinct offense. The crime created by the statute can only be committed by the "president, manager, etc., of a bank, or broker's office, or establishment conducting the business of receiving on deposit the money or other valuable things of other persons;" but, when it is shown that the person of the designated class is "conducting the business," etc., a single act of receiving one deposit completes the crime, and the crime is committed just as often as the act is repeated. The statute plainly says he shall be guilty of the crime while conducting the business named by the statute if he receive "any deposit" without notifying "the depositor;" using such language as clearly indicates that every single act of receiving any deposit is a separate and distinct offense. "Conducting the business" is one of the necessary links in the chain of facts necessary to constitute the crime. A person not "conducting the business" cannot commit the crime. Therefore, as a matter of necessary description, it must be alleged that the person charged was "conducting the business;" but the crime made by the stat-

ute is the receiving of "any deposit" without notifying "the depositor" by a person so engaged. The one single criminal act necessary to constitute the crime is the receiving of "any deposit" without notifying "the depositor." There is nothing criminal in "conducting the business" and receiving deposits, even when the bank is in an insolvent condition. It becomes criminal only when the president, manager, etc., fails to inform the depositor. The first and second counts in the indictment are bad for the reason that they charge "divers" separate and distinct felonies in the same count. The third count of the indictment is bad for the reason that it charges as many separate and distinct felonies as there are parties named in the count.

It is argued by counsel for the state that the offense created by the statute is the "conducting of the business of receiving deposits," and that the offense is not committed by the single act of receiving one deposit, but that it is a continuing crime, committed "conducting the business of receiving deposits," and, no matter how many deposits are made, there is but one crime. The statute does not say this. It says, if the president, manager, etc., of a bank, etc., conducting the business of receiving on deposit money, etc., shall receive "any deposit" without informing the depositor, on conviction, he shall be punished, etc. While conducting the business of receiving deposits, if he shall receive any deposit without notifying the depositor, he has committed the crime named by the statute. We think the action of the lower court was correct in sustaining the demurrer to the indictment, and after a careful research of the authorities we can find no authority that holds that separate and distinct felonies may be charged in the same count. *Sprouse* v. *Commonwealth,* 81 Va., 374; *Fisher* v. *State,* 33 Texas, 792; *Hill* v. *State,* 72 Miss., 527 (17 South. Rep., 375); *Burges* v. *State,* 81 Miss., 484 (33 South. Rep., 499); *Teat* v. *State,* 53 Miss., 439 (24 Am. Rep., 708); *Strawhern* v. *State,* 37 Miss., 422.