THE STATE OF CONNECTICUT *vs.* LOUIS KATZ.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued January 8th—decided February 4th, 1937.

*Emanuel G. Goldstein,* for the appellant (defendant).

*Hugh Meade Alcorn, Jr.,* Assistant State's Attorney, filed a brief for the appellee (the State) but, due to illness, did not argue the cause.

MALTBIE, C. J. The information charged that the defendant, a permittee, sold alcoholic liquor to an intoxicated person in violation of § 1071c of the 1935 Cumulative Supplement of the General Statutes. That statute, so far as relevant to the case, provides a penalty to be imposed upon any person holding a permit to sell liquor issued by the liquor control commission who "shall sell or deliver alcoholic liquor to any minor, or to any intoxicated person, or to any habitual drunkard, knowing him to be such an habitual drunkard, or to any person after having received notice from the selectmen, as provided in section 1068c or 1069c, not to sell or give such liquor to such person." The defendant elected to be tried by the court and it found him guilty.

The finding states that while one Shea was in the

defendant's store the defendant sold liquor to him although he was then intoxicated and in an obviously drunken condition. The defendant in his appeal seeks many corrections in and additions to the finding and also claims that the trial court could not upon all the evidence have reasonably found that he was guilty beyond a reasonable doubt. The vital issue is whether the evidence supports the trial court's conclusion that Shea was intoxicated when the liquor was sold to him. A police officer who saw him before and after he was in the store definitely testified that he was and as evidencing that fact stated that he staggered and, when he attempted to run, could not do so very well. The trial court was, of course, not bound to give credence to the testimony of the defendant and the one witness he produced that Shea gave no indications of intoxication while in the store. Upon all the evidence the trial court could reasonably have reached the conclusion that Shea was intoxicated.

The defendant also claims that it was incumbent upon the State to prove knowledge on his part that Shea was intoxicated when he made the sale to him. The conclusion of the trial court expressed in the finding that Shea was in an obviously drunken condition while in the store was an inference which it could reasonably draw from the evidence as a whole. It was not, however, incumbent upon the State to prove that the defendant did have knowledge of Shea's condition. The phrase in the statute, "knowing him to be such an habitual drunkard," clearly applies only to sales made to an habitual drunkard and the insertion in the statute of the requirement of proof of knowledge only in such a case leaves no doubt of the legislative intent that knowledge is not an element of the offense as regards sales to intoxicated persons or minors. *Barnes* v. *State,* 19 Conn. 398, 404; *State* v. *Kinkead,*

57 Conn. 173, 180, 17 Atl. 855; *Simmons* v. *Holcomb*, 98 Conn. 770, 776, 120 Atl. 510. The Legislature has seen fit to place the burden of determining whether or not the purchaser of liquor is intoxicated upon the seller and that it had the power to do. *State* v. *Kinkead*, supra; *State* v. *Turner*, 60 Conn. 222, 22 Atl. 542; *State* v. *Nussenholtz*, 76 Conn. 92, 95, 55 Atl. 589; *State* v. *Gaetano*, 96 Conn. 306, 316, 114 Atl. 82; *United States* v. *Balint*, 258 U. S. 250, 252, 42 Sup. Ct. 301. In *Barnes* v. *State*, supra, and *Barnes* v. *State*, 20 Conn. 232, 237, it was held that under a statute penalizing sales of liquor to a common drunkard where it was not specified that the purchaser should be known to the seller to be such a drunkard, it was not necessary to show such knowledge on the part of the seller to justify a conviction.

The final claim of the defendant is that it is not enough to secure a conviction under this statute merely to offer testimony that the person to whom the liquor was sold was intoxicated and to have the court so find, but there must be evidence and a finding that his condition complied with some definite criteria of intoxication and that, unless the statute is so construed, it is too indefinite to be enforceable. It is not necessary in this case, even if it were practicable, to attempt to formulate a definition of intoxication. There was evidence of one of the most common indications of intoxication, staggering in walking or running. Certainly when a person displays outward manifestations of such a condition by an abnormality of behavior generally accepted as a result of the use of liquor he is "an intoxicated person" within the meaning of this statute. The condition of intoxication and its common accompaniments are so much a matter of general knowledge that practicable and sensible effect may be given to the words "intoxicated person" as used in the statute,

within the test of certainty stated in *State* v. *Andrews*, 108 Conn. 209, 213, 142 Atl. 840, and the law cannot be held too indefinite to be enforceable.

There is no error.

In this opinion the other judges concurred.