I concur in this judgment because I believe it comports with legislative intent. Even though I cannot agree that the statute forbidding a convicted felon to possess a pistol requires a showing of a specific intent or scienter, I do agree that the defense of self-defense is available in what I consider to be a public welfare crime.
As the author of Ex parte Harper, 594 So.2d 1181 (Ala. 1991),cert. denied, ___ U.S. ___, 113 S.Ct. 330, 121 L.Ed.2d 248
(1992), I discussed the distinctions between strict liability crimes and those requiring the showing of a specific intent:
 "In United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604 (1922), the defendants demurred to an indictment charging them with a violation of the Narcotic Act on the ground that the indictment made no mention of the intention with which the defendants had acted. The indictment there, like the indictment in this case, tracked the language of the statute. The lower court had sustained the demurrer and quashed the indictment. The Court held:
 " 'While the general rule at common law was that the scienter was a necessary element in the indictment and proof of every crime, and this was followed in regard to statutory crimes even where the statutory definition did not in terms include it (Reg. v. Sleep, 8 Cox C.C. 472), there has been a modification of this view in respect to prosecutions under *Page 1248 
statutes the purpose of which would be obstructed by such a requirement. It is a question of legislative intent to be construed by the court. It has been objected that punishment of a person for an act in violation of law when ignorant of the facts making it so, is an absence of due process of law. But that objection is considered and overruled in Shevlin-Carpenter Co. v. Minnesota, 218 U.S. 57, 69, 70, 30 S.Ct. 663, 666-67, 54 L.Ed. 930, in which it was held that in the prohibition or punishment of particular acts, the State may in the maintenance of a public policy provide 'that he who shall do them shall do them at his peril and will not be heard to plead in defense good faith or ignorance.' Many instances of this are to be found in regulatory measures in the exercise of what is called the police power where the emphasis of the statute is evidently upon achievement of some social betterment rather than the punishment of the crimes as in cases of mala in se. Commonwealth v. Mixer, 207 Mass. 141
[93 N.E. 249]; Commonwealth v. Smith, 166 Mass. 370
[44 N.E. 503]; Commonwealth v. Hallett, 103 Mass. 452; People v. Kibler, 106 N.Y. 321
[12 N.E. 795]; State v. Kinkead, 57 Conn. 173
[17 A. 855]; McCutcheon v. People, 69 Ill. 601; State v. Thompson, 74 Ia. 119 [37 N.W. 104]; United States v. Leathers [26 F.Cas. 897], 6 Sawy. 17; United States v. Thompson, 12 Fed. 245; United States v. Mayfield, 177 Fed. 765; United States v. 36 Bottles of Gin, 210 Fed. 271; Feeley v. United States, 236 Fed. 903, Voves v. United States, 249 Fed. 191. So, too, in the collection of taxes, the importance to the public of their collection leads the legislature to impose on the taxpayer the burden of finding out the facts upon which his liability to pay depends and meeting it at the peril of punishment. Regina v. Woodrow, 15 M. W. 404; Bruhn v. Rex, [1909] A.C. 317. Again where one deals with others and his mere negligence may be dangerous to them, as in selling diseased food or poison, the policy of the law may, in order to stimulate proper care, require the punishment of the negligent person though he be ignorant of the noxious character of what he sells. Hobbs v. Winchester Corporation, [1910] 2 K.B. 471, 483.' "
594 So.2d at 1183-1184. Although, as the majority notes, "this Court's final opinion in the Johnson case does not hold that §13A-11-72(a) is a strict liability offense," neither does it hold to the contrary. Rather, it is the classification of this crime as a "public welfare offense" that provides the distinguishing factor that supplies for Taylor an opportunity to raise the defense of self-defense. The United States Supreme Court has stated:
 " '[Public welfare] cases do not fit neatly into any of such accepted classifications of common-law offenses, such as those against the state, the person, property, or public morals. Many of these offenses are not in the nature of positive aggressions or invasions, with which the common law so often dealt, but are in the nature of neglect where the law requires care, or inaction where it imposes a duty. Many violations of such regulations result in no direct or immediate injury to person or property but merely create the danger or probability of it which the law seeks to minimize. While such offenses do not threaten the security of the state in the manner of treason, they may be regarded as offenses against its authority, for their occurrence impairs the efficiency of controls deemed essential to the social order as presently constituted. In this respect, whatever the intent of the violator, the injury is the same, and the consequences are injurious or not according to fortuity. Hence, legislation applicable to such offenses, as a matter of policy, does not specify intent as a necessary element. The accused, if he does not will the violation, usually is in a position to prevent it with no more care than society might reasonably expect and no more exertion than it might reasonably exact from one who assumed his responsibilities. Also, penalties commonly are relatively small, and conviction does no grave damage to an offender's reputation. Under such considerations, courts have turned to construing statutes and regulations which make no *Page 1249 
mention of intent as dispensing with it and holding that the guilty act alone makes out the crime. This has not, however, been without expressions of misgiving.' "
Morissette v. United States, 342 U.S. 246, 255-56,72 S.Ct. 240, 246, 96 L.Ed. 288 (1952), as quoted in Ex parte Harper, 594 So.2d at 1186.
Section 13A-11-73 forbids a convicted felon to own or possess a pistol; that section appears under the heading "Offenses Against Public Order and Safety." My reading of the statute does not reveal that the legislature required a showing of a specific intent or scienter for this offense; however, I do agree with the majority that the defense of self-defense is available to one charged with this crime against the public welfare.