## Chicago City Railway Company v. Flora Sugar.

### Gen. No. 11,564.

1.   HYPOTHETICAL QUESTION—*when, improper.*   A hypothetical question is improper which calls for an opinion upon an ultimate question of fact which is for the jury to decide under the instructions of the court.

2.   HYPOTHETICAL QUESTION—*when, improper.*   A hypothetical question is improper which is involved, obscure, suggestive and leading.

3.   CUSTOM—*when, competent upon question of negligence.*   A custom and practice with respect to regulating and handling cars at a street crossing is competent upon the question of the negligence of the company charged to have taken place at a particular crossing included within such custom.

Action on the case for personal injuries.   Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903.   Reversed and remanded.   Opinion filed January 6, 1905.   Rehearing denied January 24, 1905.

Statement by the Court.   This is an appeal from a judg-
ment of the Circuit Court of Cook county, in favor of
appellee and against appellant and the Chicago Union Trac-
tion Company, awarding her damages for injuries' alleged
to have been sustained while she was a passenger on one of
the cars of the latter company, in a collision with one of
the cars of appellant at the intersection of Twelfth and
Clark streets in Chicago, on June 22, 1902.

There are three counts in the declaration.  The first count
charges that the Chicago Union Traction Company is a
common carrier of passengers for hire, in cars operated by
it on tracks running along Twelfth street in Chicago, and
that on the above date appellee boarded a west-bound car
of the traction company and paid her fare, and thereupon
it became the duty of the traction company to use due care
and diligence to convey her safely to her destination, which
it did not do, but on the contrary, so negligently and care-
lessly operated its car that at the intersection of Clark and
Twelfth streets, it ran its car in which appellee was riding
into a car which was then being operated by appellant,
whereby plaintiff was injured.  This count shows no cause
of action against appellant.  The second and third counts
of the declaration set up the same state of facts substan-
tially, and aver that both the traction company and appel-
lant negligently and carelessly operated their respective
cars so that the cars came into collision, whereby the plaint-
iff, appellee, was seriously injured.  Each defendant pleaded
the general issue.

The record shows that at the time of the accident the
Chicago Union Traction Company was operating a street
railway line on Twelfth street, which crossed Clark street
at a right angle, and that appellant was operating a street
car line on Clark street, the tracks of both companies cross-
ing each other at the intersection of the streets above named.
The point of intersection of the tracks was at the highest
point of what is commonly known as the Twelfth street
viaduct.  The collision occurred at the intersection of the
north track on Twelfth street, with the west track on Clark

street, at about ten o'clock in the evening. The traction company's car on which appellee was a passenger, approached Clark street from the east, and stopped for a few seconds at the east crossing of Clark street, and then moved rapidly to the point of collision. Appellant's car was a large box car heavily loaded with passengers. It was approaching the point of the intersection of the tracks on an up-grade.

WILLIAM J. HYNES, SAMUEL S. PAGE and WATSON J. FERRY, for appellant; MASON B. STARRING, of counsel.

A. B. MELVILLE and WILLIAM H. JOHNSON, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

Two points are relied upon by appellant to reverse the judgment: First, that the verdict is not justified by the evidence; and second, that the trial court erred in the exclusion of proper evidence offered by appellant.

Inasmuch as we are of the opinion that the judgment must be reversed for errors in rulings on evidence, and as the evidence on the second trial may, and probably will, differ from the evidence now before us, we express no opinion upon the first ground urged.

It is urged that the trial court erred in sustaining an objection to the hypothetical question put to Dr. Leeming, (Abst. 91), which, after reciting that two physicians *found* that in September, 1901, certain conditions existed as to a woman about nineteen years of age, and after stating certain facts claimed to be shown by the evidence, closes as follows: " Would you attribute the condition at the latest date mentioned, (just before the trial,) to the injuries claimed existed at the time of the accident, or to what would you attribute them ?" The objection was based on the ground of incompetency, and that the hypothesis was not proper. We think the question was not competent, and that the court did not err in sustaining the objection. Waiving the question as to whether the hypotheses were improperly stated, for that would lead us into a discussion

of the evidence and what it tended to prove, the question calls for an opinion upon an ultimate question of fact which was for the jury, under the instructions of the court, to decide. A physician may be asked whether the facts stated in a hypothetical question are medically or surgically competent to cause and bring about a certain condition in a person, or what amounts to the same thing, may be asked whether a given condition of a person may or could result from and be caused by the facts stated in the hypothetical question; but he may not be asked whether such facts did cause and bring about such condition.

If the witness had been permitted to answer the question, he would have usurped the province of the jury. I. C. R. R. Co. v. Smith, 208 Ill. 612, and cases there cited. Furthermore, the question is involved, obscure, suggestive and leading. It is founded in part upon the opinions of other physicians. Any responsive answer which might be made to it would be liable to mislead the jury.

The trial court excluded all evidence offered by appellant relating to a practice and custom alleged to exist between the defendants as to giving the right of way to the Clark street cars of appellant whenever the cars of the defendants were approaching the crossing in question at the same time. As evidence of that custom appellant sought to show that a bulletin giving directions as to which cars should have the right of way at the crossing, was posted in the Lawndale station of the Chicago Union Traction Company, out of which the traction company's Twelfth street track ran. Several witnesses, employees of both defendants, were put upon the stand to prove such custom and practice, and appropriate questions were asked to draw from them the desired evidence; but appellant was not allowed to go into the question, on the objection of the traction company, the court holding that it would be opening up a side issue. Thus the question was presented both specifically and broadly, and appellant assigns error on the ruling.

It seems to us clear that if a custom and practice existed regulating the handling of cars at the crossing, it would have a direct bearing upon the question of the negligence

of appellant. While it could not be regarded that a rule or custom giving appellant a superior right of way over the crossing, as claimed by it, would have the effect of absolute exoneration from liability for negligence, it is a proper element for consideration by the jury in determining whether one or both of the defendants were exercising the care for appellee's safety required of them respectively by law in the operations of the cars before and at the time of the collision. Such a practice and custom, known and relied upon by the defendants and their employees, would necessarily enter into and become a part of the *res gestæ* of the collision and would form one of the circumstances surrounding the accident, just as any other fact or circumstance which existed then would be part of the transaction. If the evidence of the witnesses had been that such a practice and custom existed there, regulating the duties of each defendant, it would certainly throw light on the question as to what degree of care was observed by appellant. That was one of the questions to be passed upon by the jury, and appellant had the right to have the jury enlightened by all the facts and circumstances surrounding the accident which might in any legitimate way affect its judgment. Cincinnati Street Ry. Co. v. Altemier, 6 Am. Neg. Rep. 179. It was held in St. Louis National Stock Yards v. Godfrey, 198 Ill. 288, when evidence was admitted by the trial court as to the usual manner of conducting the business of appellant and others in appellant's yards, that "the environment and usual manner of conducting the business involved at the place of injury is competent as shedding light on the acts and conduct of the parties." The cases of North Chicago Street R. R. Co. v. Irwin, 202 Ill. 345, and L. S. & M. S. R. R. Co. v. Brown, 123 Ill. 162, hold to the same general effect, that the existence of a custom enters into the consideration of the question of negligence and that evidence of the custom is proper.

For the error of the trial court in excluding the evidence as to a custom and practice the judgment must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*