# FRED K. LOCK v. CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

### In Banc, March 15, 1920.

1. **EVIDENCE: Substantial for Plaintiff: Appellate Practice.** If plaintiff's testimony that he stumbled over a brake-beam lying in defendant's railroad yard is substantial, and is not contrary to reason, the appellate court will accept the verdict of the jury finding it to be true.

2. **DANGEROUS PLACE: Brake-Beam in Yards: Constructive Notice of Location.** At different times cars were repaired in defendant's railroad yard, their parts separated, and it was customary to take out brake-beams and drop them near at hand, to be subsequently removed; a car was being repaired near the scene of the accident on the day preceding it; the yard belonged to defendant and was fenced; and plaintiff, a switch-tender, testified that having aligned the rails so as to permit a train to pass, at four o'clock of a dark and rainy December morning, he started to walk across the yard to a shanty where he stayed when not engaged in adjusting the switches, and while looking ahead to determine his course, he stumbled over a brake-beam, fell to the ground, and before he could arise a switch engine on a lead track struck him. *Held*, that the other facts were circumstances confirmatory of plaintiff's testimony, and that, under the Federal Employers' Liability Act, defendant cannot escape liability on the ground that the evidence failed to show it had either actual or constructive notice of the location of the brake-beam.

3. ———: ———: ———: **Act of Servant.** Under the Federal Employers' Liability Act, a switch-tender is not required to show a negligent placing of a brake-beam in the railroad yards, over which he stumbled and fell; but the leaving of the beam at said point was a negligent act and bound the company as effectually as if it, as principal, had left it there.

4. ———: ———: **Assumption of Risk.** A switch-tender, having aligned the tracks at the switches and started to the shanty where he stayed when not so engaged, at four o'clock on a dark and rainy December morning, had a right to assume that the railroad company had exercised proper care to provide a reasonably safe place for him to work, free from any obstacles which would cause his injury, and that a brake-beam, over which he stumbled, had

not been left in the yard over which he customarily passed; the leaving of the beam in such place, at such time, did not constitute a risk normally incident to his employment.

5. ———: ———: **Evidence of Customary Acts.** Where the railroad yard through which the switch-tender passed in going in the night time to a shanty in which he stayed between his acts in aligning tracks, was used by defendant in the conduct of its business, testimony that it was the practice of the employees to scatter materials over the yard in repairing cars is admissible, the switch-tender having stumbled over a brake-beam in the yards and having been injured thereby. While such acts are in a sense collateral, an inference of fact bearing on the particular act of negligence may properly be drawn from them.

6. ———: ———: **Collateral Fact.** The rule is that if a collateral fact bearing on the main issue is so intimate and valuable as to tend to prove the main fact, it is competent evidence.

7. **DAMAGES: Under Federal Act: Contributory Negligence: Instruction.** It is proper to instruct the jury, in a suit for personal injuries brought under the Federal Employers' Liability Act, that the amount of plaintiff's damages may be reduced in the proportion that his own negligence contributed to his injury; and the instruction on the subject in this case is unobjectionable.

8. **VERDICT: Excessive: $10,000.** Under the Federal Act. an injured employee is entitled to such damages as will compensate him for expenses incurred, loss of time, suffering and diminished earning power, and the amount recoverable is not otherwise limited or restricted, except where he has been guilty of contributory negligence; and there being no such negligence, a verdict of $10,000 for the loss of an arm and a gash above the eye which impairs the sight, supported by substantal evidence and approved by the trial court, vested with authority to set it aside if excessive, is approved.

Appeal from Linn Circuit Court.—*Hon. Fred Lamb,* Judge.

*Affirmed.*

*H. J. Nelson, Bailey & Hart, Palmer Trimble* and *M. G. Roberts* for appellant.

(1) The instruction in the nature of a demurrer to the evidence offered at the close of plaintiff's case and

again at the close of all the evidence, should have been given. (a) In actions under the Federal Employers' Liability Act negligence is essential to a recovery and it is an affirmative fact, which must be established by competent evidence. The statute prescribes that the "defect or insufficiency" in the "track" or "roadbed" causing the injury must be "due to negligence." Seaboard A. L. R. Co. v. Horton, 233 U. S. 492; Fish v. Railroad Co., 263 Mo. 106; Erie R. Co. v. Winfield, 244 U. S. 172; New York C. R. Co. v. Winfield, 244 U. S. 150; New Orleans Railroad Co. v. Harris, 38 Sup. Ct. Rep. 535. (b) Prior knowledge on the part of the employer of the existence of a negligent defect must be shown. Proof of an injury and an obstruction on the master's premises, i. e., that the defect existed at the time of the injury, is not sufficient to show prior knowledge, actual or constructive; for the fact of an accident carries with it no presumption of negligence on the part of the employer. On the contrary, in the absence of affirmative proof showing prior knowledge of the defect, the injury is to be attributed to causes for which the master is not liable. Haggard v. McGrew Coal Co., 200 S. W. 1072; Elliott v. Railroad, 204 Mo. 14; Winslow v. M., K. & T., 192 S. W. 121; Railroad v. Ingram, 187 S. W. 452, affirmed in 244 U. S. 648; Gurley v. Railroad, 104 Mo. 211; Yarnell v. Railroad, 113 Mo. 570; Glasscock v. Dry Goods Co., 106 Mo. App. 657; Patton v. Railroad, 179 U. S. 658. (c) Proof that a negligent obstruction was upon the master's premises at the time of the injury, does not establish prior knowledge, actual or constructive, on the part of the master even though the injury occurred on the private premises used exclusively by his employees, for knowledge will not be presumed even under such circumstances, as it is an independent element of liability which must be alleged and proved. M., K. & T. v. Jones, 103 Tex. 187, 125 S. W. 309; Ft. Worth Ry. Co. v. Jones, 166 S. W. 1130; Ry. Co. v. Jones, 182 S. W. (Tex. Civ. App.) 1184; Welch v. Railroad, 17 N. Y. Supp. 342; Haggard v. McGrew Coal Co., 200 S. W. 1072; Barrett v.

Virginian Ry. Co., 244 Fed. 397; Elliott v. Railroad, 204 Mo. 1; Hollenback v. Railroad, 141 Mo. 109. (d) Prior knowledge to any of the employees of the defendant of the existence of the brake-beam is not sufficient. Knowledge of a defect in a railroad yard must be brought home to some agent or employee charged with removing and remedying the defects. (4) Thompson on Negligence, sec. 3797, p. 78; 1 Bailey on Personal Injuries (2 Ed.), sec. 282, p. 588; Covey v. Railroad Co., 86 Mo. 641; Porter v. Railroad Co., 71 Mo. 78; Johnson v. Railroad, 96 Mo. 340; Dedrick v. Railroad, 21 Mo. App. 433. And the enactment of a statute prescribing that an employee does not assume the risk of the negligence of a fellow servant, does not alter the rule or repeal this principle. See Mr. LaBatt's comprehensive note in 41 L. R. A. 1, and particularly on p. 143 thereon. (e) The preponderance of the evidence in this case against the plaintiff's uncorroborated statement that there was a brake beam near the 21 lead, is so strong as to compel the presumption that the jury was actuated by prejudice, bias or sympathy. Under such circumstances this court will not hesitate to set aside the verdict of the jury. Lehnick v. Met. St. Ry. Co., 118 Mo. App. 611; Gage v. Trawick, 94 Mo. App. 307; Friesz v. Fallon, 24 Mo. App. 439; Holt v. Morton, 53 Mo. App. 187; Hewitt v. Doherty, 25 Mo. App. 326; Lionberger v. Pohlman, 16 Mo. App. 392; Walton v. Ry. Co., 49 Mo. App. 620; Empey v. Grand Ave. Cable Co., 45 Mo. App. 422. (2) Instruction No. 6 on the measure of damages is erroneous for the reason that it does not conform to the present value theory adopted by the Federal Supreme Court. Railroad v. Kelly, 241 U. S. 485.

*A. G. Knight* for respondent.

(1) By Section 1 of the Federal Employers' Liability Act (U. S. Comp. Stat. 1901, Supp. 1911, p. 1322) every railroad company is made liable for the negligence of any of its officers, agents or employees and their neg-

ligence is the company's negligence, and their act in leaving the brake-beam at the point where it was shown to be left was a negligent act the moment they did so, binding the company as effectually as if the company itself had left the brake-beam there, and the plaintiff was not bound to assume a further burden not embodied in the statute or required by its terms, *i. e.* to show a negligent remaining of the brake-beam at the point where left. Hawkins v. Railroad Co., 189 Mo. App. 224; Cross v. Railroad Co., 191 Mo. App. 202; Laughlin v. Ry. Co., 205 S. W. 3. (a) The direct and circumstantial evidence was ample to support the finding of the jury that an employee of the company left the brake-beam at the point of injury. (b) The advancing legislation of recent years, extending the liabilities of the master for injuries to the servant, not only of this and other states, but of the Congress, and especially the act upon which this suit is founded, abolishing the fellow-servant rule, denying the defense of contributory negligence and modifying the doctrine of assumption of risk, has practically swept away all the objections to the doctrine as a distinctive rule of evidence of *res ipsa loquitur*, as applicable to master and servant. Most of the objections to the applicability of this rule to that situation have now no predicate on which to rest, and with the breaking down of these barriers, the rule must unfold with the spirit of the law. While we think the facts and circumstances are ample and abundant to impel the inference of defendant's negligence in this case, yet if they are lacking in the least degree in force or probativeness, this rule of evidence will at least lend *aid* to the conclusion of negligence, and it may be would entirely support it if necessity required. Jones v. Ry. Co., 178 Mo. 528; Turner v. Harr, 114 Mo. 335; Blanton v. Dold, 109 Mo. 64; Sackewitz v. Am. Biscuit Mfg. Co., 78 Mo. App. 144; Johnson v. Met. St. Ry. Co., 104 Mo. App. 588; Klebe v. Parker Distilling Co., 207 Mo. 480; Benedict v. Ry. Co., 104 Mo.

App. 218; Mo. Pac. Ry. Co. v. Larussi, 161 Fed. 70; Wanen v. Mo. & Kans. Tel. Co., 196 Mo. App. 553; Myers v. City of Independence, 189 S. W. 821; Orris v. Railway Co., 214 S. W. 127; 4 Wigmore, Ev. p. 3557; Wiles v. Railroad Co., 125 Minn. 348, 147 N. W. 427; Graham v. Badger, 164 Mass. 42; Lykiardopoulo v. New Orleans C. R. L. & P. Co., 127 La. 310, 53 So. 575, Ann. Cas. 1912A, p. 976; Trim v. Ship Bldg. Co., 211 Mass. 592: Nolen v. Engstrum Co., 166 Pac. 346; Duhme v. Hamburg-American Packet Co., 184 N. Y. 404, 112 Am. St. 615; Removich v. Const. Co., 264 Mo. 43, L. R. A. 1917E, p. 233: Note L. R. A. 1917E, pp. 4 to 126.

WALKER, C. J.—This is an action predicated on the Federal Employers' Liability Act, for personal injuries. It was brought by the respondent against the appellant in the Circuit Court of Linn County, where it was tried in March, 1916, resulting in a verdict in favor of the respondent in the sum of $10,000. A review of the judgment rendered thereon is sought by the appellant.

Appellant maintains, at Hannibal, a terminal yard, which has thereon various buildings, a main, transfer and switching tracks, necessary in the operation of its business as a railway company. Respondent at the time of his injury was employed in this yard as a switchtender, his hours of labor being from seven p. m. to seven a. m. His duties required him to open and throw switches and align them for the passage of trains. In so doing, it became necessary for him at times to pass over the tracks, switches and rails in the yard. He had been thus employed by the appellant for twenty-six days prior to his injury, which occurred December 11, 1915, at about four o'clock in the morning. The weather, at the time was dark and rainy. Just prior to his injury, respondent had aligned a switch for a train which was to pass through the yard *en route* to St. Louis. Immediately thereafter he started to walk toward and across the main lead, giving signals as he went with his lantern, to the train for which he had aligned the switch, to proceed. By the

"main lead" is meant a main track which ran diagonally across the yard from which other tracks radiated to switch and repair parts of the yard. One of these tracks was known as lead to switching tracks No. 21 to No. 25, and is designated in this record as "21 lead." After giving the signals, and while respondent was in the space between the main lead and 21 lead on his way to a shanty in the yards, where he stayed when not engaged in the discharge of his duties, and while looking ahead to determine his course, and to see if the train for which he had aligned the switch was approaching, he stumbled over a brake-beam lying between the main track and 21 lead, and fell to the ground. In falling, he struck on his side and back, and fell lengthwise of the track. As he attempted to arise, a switch engine approaching on the 21 lead knocked him down again, caught him and dragged him about twenty feet, running over and crushing his right hand and wrist. He also received a disfiguring gash over his right eye. Arising after the switch engine had passed, he saw for the first time the brake-beam over which he had fallen in the first instance. The injury he received necessitated the amputation of his right hand, and a portion of the arm, about two or three inches above the wrist; and the gash above his eye resulted in an injury to his sight. His employment in interstate commerce is conceded.

At the time of his injury, he was twenty-three years of age, in a good state of physical health, and was earning two dollars and thirty cents per night. The yard where the injury occurred was the private property of the appellant. It was enclosed with a solid plank fence, which was placarded on the entrance to same with notices forbidding trespassing. Watchmen were kept to enforce this injunction.

Witnesses for appellant testified as to a statement alleged to have been made by the respondent at the yard office immediately after the injury, to the effect that when he was signaling the train he had aligned the switch for, he stepped back out of its way, and was

struck by the switch engine, knocked down, and in putting his hand on the rail to put himself out of the way, it was run over and crushed.

Various collateral facts and circumstances were adduced in evidence by appellant to sustain the conclusion that its employees had no part in or knowledge of the location of the brake-beam, and that soon after the accident it was not.to be found between the tracks.

I.  Appellant contends that its demurrer to the evidence should have been sustained, first, because the respondent's statement as to the location of the brake-beam was not corroborated, but was shown by circumstances to be false; and, second, that appellant was not shown to have had either actual or constructive notice of the location of the brake-beam, as stated by the respondent.  The latter testified affirmatively to the fact of the brake-beam's location, and that it constituted the obstruction which caused his fall in the first instance.  It was shown that at different times cars were repaired in the yard, and their parts separated, and that it was customary when such repairs were in progress, to take out brake-beams and drop them near at hand where they could subsequently be removed by a crew thus engaged.  That a car was being repaired on a track near the scene of the accident on the day preceding the morning the respondent was hurt.  These facts cannot be otherwise construed than as circumstances confirmatory of respondent's testimony, which is not weakened by the fact that he did not know who placed the brake-beam between the tracks or its location there prior to the accident, or how long it had been there, or that it was not seen there the day preceding and immediately following the accident.  The assumption, therefore, based upon the circumstances adduced by the appellant to establish, first, that the brake-beam was not where it was stated to have been by the respondent; and, second, that it mysteriously disappeared, do not in our opinion, tend to weaken the force of the latter's testimony. The first attempts by an array of

circumstances to contradict affirmative testimony; and the second assumes that if the brake-beam was as located by the respondent it mysteriously and unaccountably disappeared. Certainly, it could not have accorded with any rational purpose of the respondent to cause its removal. If it did mysteriously disappear, as contended by appellant, its disappearance could have redounded only to the benefit of the appellant. Other arguments are adduced by appellant upon circumstances of like character to the foregoing, for the purpose of destroying the force of the respondent's testimony. They do not impress us as having a tendency to accomplish this end.

The *quantum* of proof necessary to sustain a verdict in a case of this character may perhaps be more readily determined by the statute upon which the action is based. It is as follows: "That every common carrier by railroad while engaging in commerce between any of the several States . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason or any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves or other equipment." [Sec. 1, Fed. Employers' Liability Act, U. S. Comp. Stat. 1901, Supp. 1911, p. 1322.]

This section renders every railroad company liable for the negligence of any of its officers, agents or employees, and their negligence is that of the company. The leaving of the brake-beam, therefore, at the point where it was shown to have been left, was a negligent act and bound the company as effectually as if it, as principal, had left it there, and respondent was not required to show a negligent placing of the brake-beam at the point where it was left. [Mondou v. Railroad, 223 U. S. 1, 56 L. Ed. 327; Pedersen v. Railroad, 229 U. S. 146, 57 L. Ed. 1125; Seaboard Airline v. Horton, 223 U. S. 492, 58 L. Ed. 1062.] Thus left, it did not constitute a risk

normally incident to the employment in which the respondent was engaged, and he had a right to assume that the appellant had exercised proper care with respect to providing a reasonably safe place for him to work, free from any obstacles which would be likely to cause him injury. In other words, as the statute has been construed by the courts, an employee cannot be treated as having assumed a risk until he becomes aware of the defect or obstruction and of the risk arising from it, unless it is so obvious that an ordinarily prudent person under similar circumstances would have observed it. [Seaboard Airline v. Horton, 223 U. S. 492, 58 L. Ed. 1062; Fish v. Railroad, 263 Mo. 106; Young v. Lusk, 268 Mo. 1. c. 640; Williams v. Pryor, 272 Mo. 1. c. 619.]

The jury, however, heard all of appellant's testimony, as well as that of the respondent, as to the manner in which he was injured, and the location of the brake-beam, and gave credence thereto rather than to the testimony of the witnesses for the appellant. The respondent's testimony being substantial in its nature, and not contrary to reason, we are not inclined to disturb the conclusion reached by the jury in regard thereto. [Laughlin v. K. C. So. Ry., 205 S. W. 3; Hall v. Coal Co., 260 Mo. 365; Stauffer v. St. Ry. Co., 243 Mo. 1. c. 316.]

II. Error is assigned in the admission of testimony that it was the practice of appellant's employees to scatter materials over the yard in the repairing of cars. The yard constituted one of the appointments of appellant in the conduct of its business. The manner in which the yard was kept, therefore, was a proper subject of proof. [St. L. Nat. Stockyards v. Godfrey, 198 Ill. 1. c. 294; Chicago City Ry. Co. v. Sugar, 117 Ill. App. Rep. 578; Rich v. Pelham Co., 48 N. Y. Supp. 1067; Boyce v. Wilbur Lumber Co., 119 Wis. 1. c. 648.]

*Customary Acts.*

While proof of such acts of appellant's employees may in a sense be held to be collateral, an inference of fact is authorized to be drawn therefrom bearing upon

the particular act of negligence which rendered the testimony admissible. [Rose v. St. Louis, 152 Mo. 602; Campbell v. Railroad, 121 Mo. 340; Calcaterra v. Iovaldi, 123 Mo. App. 347 and cases p. 352; Franklin v. Ry. Co., 97 Mo. App. l. c. 480 and cases; Evans v. Gas. Co., 148 N. Y. 112.] From all of which the general rule is deducible that the competency of a collateral fact in any given case turns on whether or not the court deems its bear-

Collateral Fact.
ing on the main issue to be so intimate and valuable as tending to prove the main fact, when the objections to the testimony as collateral evidence may be disregarded.

In harmony with the rule as thus announced, it having been affirmatively shown by the testimony of respondent that the brake-beam had been left between the tracks, it was not improper, as corroborative of his testimony, to show that it was the habit of the employees of the appellant to thus leave materials on the yard when repairing cars. Especially is this true when a custom thus sought to be established is shown to have been practiced in this immediate vicinity of the accident, and is limited to proof of the leaving of materials on the yard, similar to that which was the proximate cause of the alleged injury.

III. The giving of instruction numbered 6 is assigned as error. So far as applicable to the contention here made, this instruction told the jury, "that in case

Contributory Negligence: Damages.
they should believe and find from the evidence that the defendant was guilty of negligence contributing to plaintiff's injuries, which must be found by the jury before they can find for the plaintiff at all; and if the jury should further find and believe from the evidence that plaintiff was also guilty of some negligence contributing to his said injuries; that is, if the jury should believe and find that the negligence causing plaintiff's injury, if any, is partly attributable to the defendant and partly to the plaintiff, then the plaintiff is not entitled to recover full damages, but the damages shall be dimin-

ished by the jury proportionately; that is to say, plaintiff in such event would only be entitled to recover the proportional amount of damages sustained by him bearing the same relation to the full amount as the negligence attributable to both defendant and the plaintiff." This is in harmony with the rule as to the measure of damages announced by the Federal Supreme Court (K. C. So. Ry. v. Jones, 241 U. S. l. c. 183; Ill. Cent. R. Co. v. Skaggs, 240 U. S. 66; Seaboard Airline v. Tilghman, 237 U. S. l. c. 501; Grand Trunk & Western Ry. Co. v. Lindsay, 233 U. S. l. c. 49; Norfolk, etc. Ry. v. Earnest, 229 U. S. l. c. 122); and it has been followed by this court in Blankenbaker v. St. L., etc. R. Co., 187 S. W. 840. There is nothing to the contrary in the case of C. & O. Ry. Co. v. Kelly, 241 U. S. 485, cited by appellant. There is, therefore, no merit in this assignment.

IV. The appellant contends tersely, without comment, that "the verdict is excessive." Under the Federal act, the respondent was entitled to such damages as would compensate him for expenses incurred, loss of time, suffering and diminished earning power (Mich. Cent. R. Co. v. Vreeland, 227 U. S. 59, Ann. Cas. 1914C, 176) and the jury was so instructed.

The act does not restrict the amount of damages recoverable, except as to those actually sustained, and there is no limitation in this respect in our statute. Contributory negligence, the only effect of which would have been to diminish the amount of recovery, was not shown. The evidence adduced in support of the verdict was substantial. While the jury was limited to no exact measure in estimating the damages (Laughlin v. Railroad, 275 Mo. l. c. 472) the trial court was vested with a discretion to set aside their verdict if it had been deemed excessive. This was not done, and taking all of the facts into consideration, we are not inclined to rule otherwise.

In the absence of reversible error, the judgment is affirmed. It is so ordered. *Williamson, Goode* and *Woodson, JJ.*, concur; *Graves, Blair* and *Williams, JJ.*, dissent.