WILLIAM HICKS, RESPONDENT, v. MISSOURI PACIFIC RAILWAY CO., APPELLANT.—40 S. W. (2d) 512.

Kansas City Court of Appeals. May 25, 1931.

W. W. McCandles for respondent.

Thomas J. Cole and Montgomery & Rucker for appellant.

CAMPBELL, C.—This is an action under the Federal Employers Liability Act to recover damages for personal injuries. The plaintiff recovered judgment for seventy-five hundred dollars. Defendant appeals.

The negligence charged is that defendant failed to furnish plaintiff a reasonably safe place in which to work, in that it allowed, caused and permitted a brake shoe to be and remain in a dangerous position and location, in consequence of which plaintiff was caused to strike his foot against, it resulting in injury to him.

The assignments of error are: (1) That the court should have directed a verdict for defendant; (2) that plaintiff's instruction

number 1 is erroneous; (3) that the court erred in overruling defendant's objection to improper and prejudicial argument made by plaintiff's counsel.

These in order.

If the brake shoe was in the place where plaintiff said it was and defendant had actual knowledge thereof, or if the brake shoe had been at that place for a sufficient length of time to allow defendant to discover it, and if plaintiff struck his foot against it and in consequence fell and was injured, the defendant is liable.

Assignment 1 challenges the sufficiency of the evidence to show that defendant either had actual knowledge of the presence of the brake shoe at the place in question or that the brake shoe had been at that place for a sufficient length of time to allow defendant to discover it.

Plaintiff was an employee of defendant and worked as a section laborer in what is known as defendant's cypress yards in Kansas City, Kansas. He was known as a trouble man, that is, he was sent from place to place in the yards. Plaintiff said: ''When they had any trouble or wanted anything fixed, they called me to come and fix it.''

On the night of the accident defendant's road master directed plaintiff to go to a certain place in the yards and ''change out a rail.'' In obedience to the direction, plaintiff, in company with two Mexican laborers, went to the place where the rail could be obtained and there found other employees of defendant who seemed to be under the charge of a foreman. It was necessary to place the rail on a push car that was on the ground at the side of the track at the tool house. The push car was placed on the track, and thereupon plaintiff and other laborers undertook to carry the rail, which was forty or fifty feet distant, to and load the same on the push car. While in the act of carrying the rail and at a time when plaintiff was about one foot from the end of the ties of the track, his foot struck against a brake shoe or he stepped upon it and was thereby caused to fall upon the rail, one end of the rail falling upon the push car. The brake shoe was about one foot in length and six inches in width and its ends ''cupped up.'' There was snow on the brake shoe. Whether the snow was sufficient to entirely obscure the brake shoe is not clear, but it may be reasonably inferred that the ends of the brake shoe protruded through the snow. No snow had fallen within the two days immediately preceding the accident.

The yards were a busy place and evidently many of defendant's employees, both by day and by night passed along the track,· at the side of which the brake shoe was located. It was their duty to look out for and remove obstructions of that kind. In fact, it was shown that plaintiff himself had frequently passed over the spot but had not been at the place for four or five days preceding the

accident. That the obstruction was plainly visible, at least, in the daytime, could not well be questioned. It is thus clear that the brake shoe had been at the place for at least two days. That place was near the tool house and within a few feet of the place were the push car was put upon the track on the night plaintiff was injured. No one except employees of defendant had access to the place.

Considering the evidence and the reasonable inferences to be drawn therefrom in a light most favorable to plaintiff, we hold there was legally sufficient evidence to carry the case to the jury. [Lock v. C. B. & Q. R. R. Company, 281 Mo. 532, 219 S. W. 919; Laughlin v. Kansas City Southern Ry. Company, 205 S. W. 3; Doyle v. St. Louis Merchants' Bridge Terminal Ry. Company, 31 S. W. (2d) 1010.]

True, there was evidence that plaintiff did not assist in loading the rail; that he did not slip or fall, and that the brake shoe was not at that location, but the jury chose to believe the plaintiff and to disbelieve the defendant's witnesses, and inasmuch as there is substantial evidence to support the finding, we cannot interfere.

Assignment 2 is that plaintiff's instruction 1 did not require "the jury to find that defendant had actual knowledge of the location of the brake shoe or that the brake shoe had been at the place where plaintiff fell over it for a sufficient length of time to allow the defendant to discover it." Said instruction required the jury to find that defendant "caused, allowed and permitted said brake shoe to be and remain in a dangerous position and location in the defendant's yards," etc.

A finding that defendant negligently caused and permitted the brake shoe to remain in a dangerous position and location is equivalent to a finding that the defendant knew the position and location of the brake shoe. [Berberet v. Electric Park Amusement Company, 3 S. W. (2d) 1025.]

It has been said "permit" is not synonymous with "allow" and "suffer." It is a much more positive term denoting "a decided assent." [Winslow v. M. K. & T., 192 S. W. 122.] The instruction is not erroneous for the reasons assigned.

In the course of the argument plaintiff's counsel said: "When you see him walk up to the employment bureau and asking for work, the man will tell him we don't want a cripple." When the statement was made defendant said: "I object to that and ask that he be reprimanded for making such a statement." The court said: "I don't know, it seems to me he has a right to give his theory or surmise, it isn't facts." Thereupon defendant asked the court to instruct the jury to disregard the statement. The request was denied. It will be noted there is no reason given for the objection.

Neither did the defendant ask that the jury be discharged. In the circumstances, we cannot convict the trial court of error.

What we have said disposes of all the questions presented by defendant. The judgment is affirmed. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur, except *Trimble, P. J.,* absent.