## ANNIE L. HNATH
*vs.*
## LIQUOR CONTROL COMMISSION

Court of Common Pleas    Hartford County    File No. 41094

MEMORANDUM FILED MARCH 28, 1942.

*A. A. Ribicoff,* of Hartford, for the Plaintiff.

*Leo V. Gaffney,* Assistant Attorney General, for the Defendant.

KLAU, J.   This is an appeal from a denial by the Liquor Control Commission of an application for a restaurant permit, beer only, for premises owned and operated by the appellant on Route No. 44 in the Town of Ashford (Warrenville).   The application was made on June 16, 1941, and following a hearing held thereon on July 14, 1941, the Commission on July 16, 1941, denied the application on grounds of (1) unsuitability of person by reason of record and reputation, and (2) unsuitability of place because it was not a restaurant within the contemplation of the Liquor Control Act.

The appellant is a married woman of middle age, living with her husband who is a truck driver for the CMPA, and has two daughters attending high school.   In 1937 she constructed a two-story building costing about $6,000, which is located on Route No. 44 in the Town of Ashford about midway between the towns of Putnam and Manchester.   Upon the ground floor the appellant opened a restaurant, the upper story of the building being devoted to living quarters for herself and her family.   In June of 1938 she obtained a restaurant permit for the sale of beer only.   On May 30, 1939, she was arrested on a bench warrant issued by the Superior Court of Windham County and was charged on seven counts with selling beer to minors.   At the September Criminal Term of

the Superior Court of that county, she pleaded not guilty to each of the counts and elected to be tried by the jury. The jury returned a verdict of guilty on six of the counts and not guilty on one of the counts. On February 16, 1940, the appellant was sentenced by the court to pay fines totaling $90 and to be confined to jail for the term of one year on each of three counts, sentence to run concurrently. Execution of the jail sentence was suspended, and the appellant was ordered to be placed on probation for a period of one year and to pay the costs of prosecution.

The appellant had closed her restaurant in November, 1939, and did not reopen it until April of 1941, and has continued to operate it without the sale of liquor.

The Commission introduced no evidence to support its findings that the premises were not a restaurant within the meaning of that term as used in the Liquor Control Act. The appellant testified as to the facilities and operation of her restaurant, and submitted photographs of its exterior and interior, including its kitchen. From the evidence, it appears she serves hot meals twice a day, has luncheon and dinner menus, and will prepare hot food upon order. The greater part of her income, averaging from $250 to $400 per month, is expended for the purchase of food, and it is the only restaurant on this highway for a distance of several miles in either direction. Employees in defense industries employed in the Hartford area stop there at midnight and are served with hot food. She has the assistance of her two daughters in serving her patrons, she herself acting as cook. The premises are modern and will accommodate about 36 people, and the equipment in the kitchen is sufficient and well adapted for the purpose of preparing meals.

It was conceded by counsel for the Commission that the premises were a restaurant within the meaning of the term as used in the Liquor Control Act. (Cum. Supp. [1935] §1012c[7].) See Guillara vs. Liquor Control Commission, 121 Conn. 441.

There remains then the question as to the suitability of the appellant as a person to whom a liquor permit should be issued. The appellant has never been arrested or convicted of any crime other than the one set forth above, and the Commission relies solely upon such conviction as the reason for its

finding that she is not a suitable person to whom a permit should be granted. The only witness appearing for the appellant other than herself was a constable of the Town of Ashford, who testified that he knew the appellant, and that her reputation in the community was that she was a good and honest woman, that her restaurant had a reputation for being an orderly place, and that he had never received any complaints with respect to its conduct.

Under section 1046c of the 1935 Cumulative Supplement to the General Statutes, the issuance of a permit to the appellant within a period of two years of her conviction for violating the Liquor Control Act was expressly prohibited. This prohibition was removed by the enactment of what is now section 967e of the 1939 Supplement to the General Statutes, and the denial of a permit within two years of such conviction was made a matter of discretion with the Liquor Control Commission. The conviction, while not an absolute bar to the issuance of a permit, is a fact to be taken in consideration in determining the suitability of the applicant as a person, whether or not the conviction occurred more than two years prior to the filing of the application. *Rose vs. Liquor Control Commission,* 124 Conn. 689; *Wilks vs. Liquor Control Commission,* 122 id. 443.

The claim of the appellant is that she is a person of good moral character, that the conviction does not necessarily imply that she knowingly sold liquor to minors, that this one blot on an otherwise spotless escutcheon should not bar her from obtaining a permit to sell beer only in a *bona fide* restaurant which is her means of earning a sufficient income to send her daughters to college.

The presumption of unfitness arising from the appellant's violation of the Liquor Control Act may be rebutted by strong and convincing evidence that the personal character and reputation of the appellant is such as to show clearly that she had not intentionally and deliberately violated the conditions of her former license and is unlikely to violate the conditions of a new license if it should be granted. *Smith's Appeal from County Commissioners,* 65 Conn. 135, 138. The appellant must demonstrate that she has the statutory qualification of suitability.

"The word 'suitable'.... is insusceptible of any legal defini-

tion that wholly excludes the personal views of the tribunal authorized to determine the suitability of the applicant. A person is 'suitable' who by reason of his character—his reputation in the community, his previous conduct as a licensee— is shown to be suited or adapted to the orderly conduct of a business which the law regards as so dangerous to public welfare that its transaction by any other than a carefully selected person duly licensed is made a criminal offense. It is patent that the adaptability of any person to such a business depends upon facts and circumstances that may be indicated but cannot be fully defined by law, whose probative force will differ in different cases, and must in each case depend largely upon the sound judgment of the selecting tribunal." *Smith's Appeal, supra. See, also, Hopson's Appeal from County Commissioners,* 65 Conn. 140.

Prior to the enactment of section 463f of the 1941 Supplement to the General Statutes, the decision of the Commission in rejecting the application of the appellant on the grounds of unsuitability of person would have had to be upheld by this court. It could not have been held that the Commission had acted arbitrarily or illegally in rejecting that application. *Rose vs. Liquor Control Commission, supra; Wilks vs. Liquor Control Commission, supra; Guastamachio vs. Brennan,* 128 Conn. 356.

The present statute, section 463f of the 1941 Supplement to the General Statutes, provides that on an appeal from the action of the Liquor Control Commission, the trial shall be "de novo." The Legislature, having in mind the scope of review permitted a court on appeal from the action of the Liquor Control Commission, as enunciated in *Skarzynski vs. Liquor Control Commission,* 122 Conn. 521, and *Loglisci vs. Liquor Control Commission,* 123 id. 31, 35, 36, under statutes in existence prior to 1941, has now imposed upon this court the duty of ascertaining whether the statutory qualification of suitability of person exists in a particular case. In determining this question, the court is called upon to exercise its own discretion, and is not limited to a review of the discretion exercised by the Liquor Control Commission.

Counsel for the Commission raises no question as to the power of the Legislature constitutionally to vest such an authority in the courts. There is authority that the Legislature may vest the determination of such a quasi-judicial ques-

tion either in the executive or the judicial branch of our government (*Hopson's Appeal from County Commissioners, supra; Norwalk vs. Connecticut Co.,* 88 Conn. 471, 477; *Modeste vs. Public Utilities Commission,* 97 id. 453, 459), although the impracticability of vesting such authority in the courts has been pointed out by our Supreme Court on other occasions. *Moynihan's Appeal from County Commissioners,* 75 Conn. 358, 365.

More than two years has now elapsed since her conviction for violating the Liquor Control Act. Enough time has elapsed to dim this stigma upon her record. To the court and upon the evidence presented, she appears to be a person of good moral character.

In accordance with this view, judgment may be entered declaring the place of business conducted by the appellant a suitable place for the issuance of a restaurant permit for the sale of beer only, and further declaring that the appellant is a suitable person to whom such a permit for the sale of alcoholic liquors may be issued.