PHILIPPE BOLDUC

*vs.*

LIQUOR CONTROL COMMISSION

Court of Common Pleas    Hartford County    File No. 43700

MEMORANDUM FILED FEBRUARY 8, 1944.

*Frank R. Odlum,* of Unionville, for the Plaintiff.

*Leo V. Gaffney,* Assistant Attorney General, for the Defendant.

PARMELEE, J   The plaintiff is the permittee and has been operating a restaurant at No. 586 Zion Street, Hartford, Connecticut, under a permit issued by the Liquor Control Commission.   After due and proper notice to the plaintiff a hearing was held on the question of the plaintiff's suitability of person with respect to an alleged violation of section 1071c of the 1935 Cumulative Supplement to the General Statutes relative to the sale, delivery or gift of alcoholic liquor to a minor resulting in the conviction of the plaintiff's servant. On November 9, 1943, the said Liquor Control Commission revoked the plaintiff's said restaurant permit by reason of a violation of said section 1071c as aforesaid.

As pointed out in case No. 43258, *Bolduc vs. Liquor Control Commission,* a certified copy of the final action of the Commission should be filed as an exhibit so that the record in this court may be complete.

No evidence relating to the facts of this claimed violation was presented in this court, but a certified copy of the transcript of the testimony before the Commission was offered and marked "Defendant's Exhibit 1." The evidence before the Commission abundantly substantiates a finding that on August 6, 1943, during the evening, one William Marquis, a waiter in the employ of the permittee on the permit premises, served and delivered alcoholic liquor to a minor female of the age of 16 years.   This conduct on the part of the permittee's employee is a violation of section 1071c of the 1935 Cumulative Supplement to the General Statutes and is sufficient to support the conclusion of the Commission that the permittee was an unsuitable person to have a permit.

The plaintiff contends, however, that even though the violation of said section 1071c is established the penalty imposed by the Commission, being a complete revocation of the license, is too severe based upon the facts in evidence and should therefore, be modified by this court to a lesser penalty. This appeal is taken pursuant to the provisions of section 463f of the 1941 Supplement to the General Statutes, which provides that "the court, upon such appeal and after a hearing thereon, may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from." It is not, however, a transfer of jurisdiction from the Commission to this court but a process for invoking the power of the court to decide whether on the facts it finds proven the decision of the Commission was unwarranted in law or in abuse of its discretion. *DeMond vs. Liquor Control Commission,* 129 Conn. 642. In the *DeMond* case the court said: " 'Upon these appeals the court hears and considers all pertinent matters for the purpose of reaching an intelligent conclusion as to the legal propriety of the action of the commissioners. In this qualified sense, but in no other, is its hearing one *de novo'* .... that the court 'may reverse or affirm, wholly or partly, or may modify or revise' the decision of the commission, does not indicate a different intent. Under the provision, the court cannot, on an appeal, substitute its discretion for that vested in the liquor control commission; it can go no further than to make the decision of the commission conform to law or to a conclusion which is the only reasonable one upon the facts proven." The constitutionality of the right of the State to license and regulate or prohibit the sale of intoxicating liquor has been upheld (*State vs. Zazzaro,* 128 Conn. 160) and in the exercise of this power the State "has a large discretion as to the means employed to protect its citizens against the evil incident to the liquor traffic." *Francis vs. Fitzpatrick,* 129 Conn. 619, 622. That the penalty invoked — the complete revocation of the permit — is a severe one is a matter within the discretion of the Commission upon whom the Legislature has imposed the duty of administrating the laws relating to the control of the sale of intoxicating liquor. This discretion may not be substituted by that of the court unless it is found that the Commission acted illegally or in an abuse of its discretion. *DeMond vs. Liquor Control Commission, supra; Guastamachio vs. Brennan,* 128 Conn. 356; *Rose vs. Liquor Control Commission,* 124 id 689; *Dylag vs. Brennan,* 128 id. 304. In the in-

stant case there exists no basis for the plaintiff's claim that the Commission acted illegally, arbitrarily or in an abuse of its discretion.

The action of the Commission in revoking this permit conforms to law and the reasonable exercise of its discretion. The decision of the Liquor Control Commission is hereby affirmed.