[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I
This is an appeal from a decision of the Department of Liquor Control Commission wherein the commission found that the appellant, Carl F. Koch, Jr., was in violation of the regulations: namely,
 Charge #1. On September 9, 1990 in the Town of Wallingford you violated Section 30-6-A24(a) of the Regulations: in that you did by yourself, servant or agent permit unlawful conduct upon the permit premises.
 Charge #3. On September 9, 1990 in the Town of Wallingford you violated Section 30-90 of the General Statutes and Section 30-6-A24(c) of the Regulations: in that you did permit an intoxicated person ROBERT CARNEY, to loiter upon the permit premises.
The sanction imposed by the commission dated August 8, 1991 was a suspension of the cafe liquor permit, CA8560, for premises located at 269 Parker Farms Road, Wallingford, Connecticut, for a period of five days with no payment of a fine CT Page 6246 and an additional fourteen-day suspension or payment of a fine in the amount of $1,050 in lieu thereof as provided by 30-6-A8, and sub-paragraph (k) of the regulations.
While it is not necessary for the determination of this appeal, this court has raised the question at oral argument held on June 16, 1992 as to the authority of the commission in imposing a sanction that is in effect a double penalty; i.e., a suspension for five days and an additional suspension of fourteen days or a fine of $1,050. The briefs of law do not address this issue.
 II
The facts necessary to deride this appeal are as follows. The appellant is the owner and backer of Sullivan's Lounge.
On or about September 9, 1990, the Wallingford Police Department visited the premises in question and concluded that several violations had occurred. Pursuant to said conclusions, and in accordance with the statutes and regulations, the commission held a hearing on July 9, 1991.
The appellant was charged with three violations as follows:
 Charge #1. On September 9, 1990 in the Town of Wallingford you violated Section 30-6-A24(a) of the Regulations of the Commission: in that you did by yourself, servant or agent permit unlawful conduct upon the permit premises.
 Charge #2. On September 9, 1990 in the Town of Wallingford you violated Section 30-86 of the General Statutes: in that you did by yourself, servant or agent sell and/or deliver alcoholic liquor to an intoxicated person, ROBERT CARNEY.
 Charge #3. On September 9, 1990 in the Town of Wallingford you violated Section 30-90 of the General Statutes: and Section 30-6-A24(c) of the Regulations of the Commission: in that you did by yourself, servant; or agent permit an intoxicated person, ROBERT CARNEY, to loiter upon the permit premises.
The testimony adduced at the hearing indicated that a patron of the premises, Robert Carney, was discovered by the police to be in an alleged intoxicated condition. He was found holding a liquor glass in his hand in the ladies' room, and had on CT Page 6247 his person, in a wallet, a white substance identified as cocaine. Another patron, Salvatore Greco, was also found with a white powdery substance suspected to be cocaine.
Robert Carney was asked to leave shortly after he arrived at the premises, and he was on the premises for about five minutes.
Based on the evidence presented, the commission found that the appellant, his servant or agent permitted unlawful conduct on the premises and permitted an intoxicated person to loiter upon the permit premises.
In substance, the appellant claims that the facts adduced at the hearing were not clear or sufficient to support the commission's finding that violations had occurred which justified his license being suspended.
In that the appellant is the owner of the premises in question and received sanctions by the commission, it is found that he is aggrieved.
 III
The commission maintains that in order to uphold a commission's decision, it is not necessary that the court conclude that it would have reached the same decision as did the agency.
A court on appeal does not substitute its judgment for that of the agency. The court must determine whether the record supports the action taken by the agency. Connecticut General Statutes 4-183. William v. Liquor Control Commission, 175 Conn. 409,414 (1978).
This record reveals that the commission supplied a "Notice and Particulars" dated June 19, 1991. Said document made the following charges:
 Charge #1. On September 9, 1990 in the Town of Wallingford you violated Section 30-6-A24(a) of the Regulations of the Commission: in that you did by yourself, servant or agent permit unlawful conduct upon the permit premises.
 Charge #2. On September 9, 1990 in the Town of Wallingford you violated Section 30-86 of the General Statutes: in that you did by yourself, servant or agent sell and/or deliver CT Page 6248 alcoholic liquor to an intoxicated person, ROBERT CARNEY.
 Charge #3. On September 9, 1990 in the Town of Wallingford you violated Section 30-90 of the General Statutes: and Section 30-6-A24(c) of the Regulations of the Commission: in that you did by yourself, servant or agent permit an intoxicated person, ROBERT CARNEY, to loiter upon the permit premises.
The charges were more particularly set forth as follows:
Police referral indicates on 9-9-90 at 1:00 a.m. Det. Sgt. Hanley along with Dets. Flis and Kearns entered the premises. Found the door to the ladies room was bolted shut from the inside. Could hear a lot of commotion and activity. Both female and male voices.
Det. Flis stationed himself outside the door and when the door opened two males, one of them Salvatore Cricco and another unidentified male walk out of the ladies room. Two females were also in the bathroom. Unable to obtain I.D. from the other male and two females as they left the premises.
On the floor inside the bathroom was one fold which contained cocaine. Det. Flis entered the bathroom and found Robert Carney with a drink in his hand. Det. Flis asked for ID. and inside his wallet was found to have loose cocaine all over it.
Spoke to Wilkinson who said Carney had been in the premises earlier in the night and was extremely intoxicated so he told him to leave. Wilkinson was unaware that Carney was back in the premises.
 IV
A review of the record reveals that Officer Kearns testified at the hearing. It was determined that his testimony would only pertain to the day in question, namely, September 9, 1990. He indicated he heard a commotion inside the ladies' room. The door thereto was secured and once opened several males and females pushed their way past the officers; that inside the bathroom was a Robert Carney who allegedly had a mixed drink in his hand. The officer noticed Robert Carney had a packet of white powder in his wallet, which was later field tested and identified to be cocaine. Another male named Salvatore Greco was also in the bathroom, and was also suspected of possessing cocaine. Mr. Carney was arrested on narcotics charges. CT Page 6249
Officer Kearns did not know whether Mr. Carney had just walked into the bathroom or had been there for a certain period of time. Also, Officer Kearns could not identify the drink Mr. Carney had.
Mr. Wilkinson, the bartender at Sullivan's Cafe, testified that he remembered Mr. Carney being in the cafe on September 9, 1990 and that he did not serve him a drink; that shortly after Mr. Carney entered the cafe, Mr. Wilkinson asked him to leave, and he was not aware of MY. Carney's activities thereafter. Robert Carney confirmed that he was not served a drink at Sullivan's Cafe on September 9, 1990. Also, Mr. Carney stated that he did not tell Mr. Wilkinson that he had something in his wallet that was contraband.
There was no evidence presented that cocaine was being used or sold. Also, there was no indication of the outcome of criminal charges lodged against Mr. Carney. More importantly the record is devoid of any evidence that Mr. Koch, his agents or employees knew or should have known of any alleged unlawful conduct at the cafe or that they knew or should have known an intoxicated person was loitering.
The record is bereft of any evidence that the appellant knew or should have known of the activities of Mr. Carney at his cafe on September 9, 1990.
The commission cites the case of Guastamachio v. Brennan, 128 Conn. 356 (1941) as authority for upholding the decision of the commission. The commission cites the following language in Guastamachio, supra:
 While it may be that "suffer" as used in the regulation would not render the permittee responsible for the acts of a trespasser upon the premises, we conclude that it is effective to make him responsible, regardless of knowledge or negligence, for failure to take effectual to prevent prohibited conduct by those occupying them with his authority. (citations omitted). Id.
In Guastamachio, supra, the court made a distinction between the words permit and suffer, at page 358, the court stated:
 The plaintiff's principal contention is that the words "permit or suffer" in the regulation in themselves imply that the permittee's CT Page 6250 conduct, to amount to a violation, must be done knowingly. Had the word "permit" been used by itself there would be force to this contention, for its primary meaning involves the idea of affirmative consent, necessarily involving knowledge.
However, in Guastamachio, the court, based on the fact that the conduct therein was "suffered" followed a finding of strict accountability in upholding the decision of the commission.
In the instant case the appellant was not charged with "suffering" certain activities.
The appellant is charged in charge #1 with permitting unlawful conduct on the premises, and in charge #3, with permitting an intoxicated person to loiter upon the premises. The commission's finding can rise no higher than the facts alleged in the charges.
The court finds that the record does not justify the commission's conclusion that the appellant permitted any illegal activity that allegedly took place at his premises.
While the commission can draw logical inference from the testimony, it cannot make a blind leap to a conclusion that is not supported by the evidence. A review of the record shows that there was not sufficient credible and probative evidence before the commission to sustain its conclusion.
Therefore the court concludes that the commission's decision was clearly erroneous in view of all the reliable, probative and substantial evidence on the whole record.
Accordingly the appeal is hereby sustained.
Stengel, J.